IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KENNETH MASON and,<br>JULIA WATKINS<br><br>　　　　　Plaintifsf,<br><br>　　　　v.<br><br>LONG BEACH MORTGAGE COMPANY;<br>and DEUTSCHE BANK NATIONAL TRUST<br>COMPANY;<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　**JURY DEMANDED**<br>)<br>) |

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Kenneth Mason and Julia Watkins bring this action against a "subprime" mortgage lender and the holder of the loan to rescind a mortgage and recover damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants do business in the District and are deemed to reside here.

### PARTIES

3. Plaintiffs own and reside in a home at 2802 N. 56th Street, Milwaukee, WI 53210.

4. Defendant Long Beach Mortgage Company ("Long Beach") is a foreign

1

corporation authorized to do business in Illinois. It has an office at 1 Pierce Place, Suite 700, Itasca, IL, 60143-2606. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

5. Defendant Long Beach is engaged in the business of making "subprime" mortgage loans.

6. Defendant Long Beach makes more than 26 loans per year.

7. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. It is engaged in the business of, inter alia, buying "subprime" mortgage loans on Illinois properties.

## FACTS

8. On September 28, 2005, plaintiffs obtained from Long Beach a mortgage loan, secured by plaintiffs residence at 2802 N. 56th Street, Milwaukee, WI 53210.

9. Plaintiffs obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

10. In connection with the loan, Long Beach provided plaintiffs with the Notice of Right to Cancel form.

11. All copies of the Notice of Right to Cancel delivered to plaintiffs were incomplete, as shown by Exhibit A.

12. In connection with the loan, plaintiffs signed a 1-4 Family Rider form, Exhibit B.

13. In connection with the loan, plaintiffs received Truth in Lending financial

disclosures, Exhibit C.

14. On information and belief, Deutsche Bank is the current owner of the loan. Plaintiffs were not notified that the loan was assigned to Deutsche Bank.

### COUNT I – NOTICE OF RIGHT TO CANCEL

15. Plaintiffs Kenneth Mason and Julia Watkins incorporates ¶¶1-14.

16. This claim is against all defendants.

### RIGHT TO RESCIND

17. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day fo llowing consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15**

U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

## GROUNDS FOR RESCISSION

18. In connection with the loan, Long Beach failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23.

19. Notice of rescission has been given to defendants.

20. The loan has not been rescinded.

21. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

22. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff's request that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. A judgment voiding plaintiffs mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs.

    e. Such other or further relief as the Court deems appropriate.

## COUNT II -- TILA -- 1-4 FAMILY RIDER CLAIM

23. Plaintiffs Kenneth Mason and Julia Watkins incorporates ¶¶1-14.

24. This claim is against Long Beach, only.

25. All time limitations applicable to this claim have been tolled as a result of the filing of a class action, 05 C 864 (N.D.Ill.), from which plaintiff elects to be excluded.

26. The "1-4 Family Rider" (<u>Exhibit B</u>) creates a security interest in personal property that is not part of the real estate.

27. No such security interest is disclosed on the Truth in Lending disclosures.

28.     The non-disclosure of the security interest in personal property on the Truth in Lending disclosures of plaintiff violates 15 U.S.C. § 1637 and 12 C.F.R. § 226.18.

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendants for:

    a.  Statutory damages;

    b.  Attorney's fees, litigation expenses and costs of suit;

    c.  Such other or further relief as the Court deems proper.

_/s/_
Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

_/s/_
Daniel A. Edelman

T:\19172\Pleading\Complaint_Pleading.WPD