**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

KENNETH MASON and JULIA WATKINS,

                    Plaintiffs,

    vs.

LONG BEACH MORTGAGE COMPANY and
DEUTSCHE BANK NATIONAL TRUST
COMPANY,

                    Defendants.

Civil Action No. 07-C-0272 CNC

---

### DECLARATION OF SCOTT T. SCHUTTE

SCOTT T. SCHUTTE declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1.      I am an attorney employed by the law firm of Howrey LLP, 321 N. Clark, Suite 3400, in Chicago, Illinois.  I am licensed to practice in the federal and state Courts of Illinois.  I am one of the attorneys representing defendant, Washington Mutual Bank, formerly known as Long Beach Mortgage Company ("Long Beach"), in this case.

2.      The complaint in this case was served on Long Beach on April 10, 2007. Accordingly, Long Beach's answer was due on April 30, 2007.

3.      I represent Long Beach and Washington Mutual Bank in several cases, such as this case, that raise claims based on a "1-4 Family Rider."  There are several of these cases pending around the country, including two others by the same firm that represents plaintiffs here.

4.      In April 2007, I moved my practice from Jenner & Block to Howrey LLP.  Due to logistical issues, including checks of conflicts of interest, Long Beach could not formally retain Howrey LLP until May 1, 2007, the day after the answer was due in this case.

5.      As soon as I was retained in this case, I immediately contacted plaintiffs' counsel in this case to discuss extending the time for the answer.  As noted, I had previously been working on matters for Washington Mutual that were brought by the same plaintiffs' firm in Illinois federal court and elsewhere.  I was previously interacting with the same plaintiffs' counsel on these other matters.  On May 1 and May 2, I discussed with plaintiffs' counsel that Long Beach intended to seek an enlargement of the time to answer in this case.  Counsel for plaintiffs stated that they do not oppose Long Beach's request for an extension of time to answer until June 4, 2007.  Plaintiffs' counsel have confirmed in writing that they do not oppose this requested extension of time.

6.      During the May 2nd conversation between counsel, I also discussed with plaintiffs' counsel their plans to seek to consolidate all similar cases pending against Washington Mutual in one judicial district before the same federal judge.  Counsel are all working cooperatively to file the necessary motions to obtain such consolidation and have discussed such issues on earlier occasions as well.  This case raises claims under the Truth in Lending Act ("TILA"), including a claim that a "1-4 Family Rider" was used by Long Beach, but not disclosed as allegedly required by TILA.  There are several of these "1-4 Family Rider" cases pending against Washington Mutual throughout the United States.  Plaintiffs' counsel in this case represents the plaintiffs in those other cases.  Four such cases are pending before the U.S. District Court for the Northern District of Illinois.  Plaintiffs' counsel plan to file a motion to have three of those cases all reassigned to the same judge in the Northern District of Illinois, before whom the fourth Illinois case is pending.  For two other cases pending outside Illinois and for this case in Wisconsin, plaintiffs' counsel plan to file a motion with the Judicial Panel on

Multidistrict Litigation to have all of these cases centralized and consolidated and heard before the same judge in the Northern District of Illinois.

Executed at Chicago, Illinois, this 4th day of May, 2007.

s/ Scott T. Schutte
SCOTT T. SCHUTTE