BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: LONG BEACH MORTGAGE
COMPANY 1-4 FAMILY RIDER          MDL No. _____
LITIGATION

UNCONTESTED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF
ILLINOIS PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED
PRETRIAL AND TRIAL PROCEEDINGS

Plaintiffs in all cases identified herein, by and through their undersigned attorneys, respectfully move this Panel, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an Order transferring/consolidating, for all pretrial and trial proceedings, in the Northern District of Illinois two putative class actions and one individual case currently pending in, respectively, (a) the Northern District of Illinois, (b) the District of Massachusetts and (c) the Eastern District of Wisconsin. The actions are: Navara and Stinson v. Long Beach Mortgage Co., 05 C 0864 (N.D. Ill)(Filip, J.)("Navara")(copy of the Third Amended Complaint, including a copy of the docket sheet, attached hereto as Appendix A); Carye v. Long Beach Mortgage Co., 1:06-cv-10887-WGY (D. Mass.)(Young, J)("Carye")(copy of the complaint and docket sheet, attached hereto as Appendix B); and Mason and Watkins v. Long Beach Mortgage Co., et al., 2:07-cv-00272-CNC (E.D.WI)(Clevert, J.)("Mason")(copy of the complaint and docket sheet, attached hereto as Appendix C).

Simultaneously, plaintiffs in two other actions against Long Beach now pending in the Northern District of Illinois, Shelton v. Long Beach, 06 C 2323 (N.D.Ill.), and Jamerson v.

Long Beach, 07 C 1709 (N.D.Ill.), have filed a Motion To Reassign Related Cases that seeks to reassign these actions to the Navara action, which is assigned to Judge Mark Filip and which is the earliest filed of the five cases. That Motion has now been granted. A copy of the relatedness motion and the order granting it are attached hereto as Appendix D. These actions, one of which is a third class action, share common issues of fact and contain claims identical to the cases that are the subject of this motion to transfer. The parties' goal, if possible, is have all five actions reassigned or transferred/consolidated to Judge Filip in the Northern District of Illinois for all purposes, including trial.

In support of this Motion, the parties state as follows:

1. All five of these actions shares "one or more common questions of fact" and, thus, they satisfy 28 U.S.C. § 1407(a).

2. Each of these actions involve substantially identical claims for alleged violations of the Truth In Lending Act, 15 U.S.C. § 1601, et seq. ("TILA").

3. Two of the three actions (that are the subject of this Motion, Navara and Carye) were filed under Fed. R. Civ. P. 23 as proposed class actions. The two, along with Shelton, which is also a putative class action, also define their proposed classes in ways that overlap in time and geography. All three proposed classes are national in scope.

4. In each of the three cases that are the subject of this Motion, the plaintiffs allege the same conduct on the part of defendant Long Beach Mortgage Company ("defendant" or "Long Beach") and allege that such conduct violates the same provision of TILA. The claims are identical. Specifically, all plaintiffs allege that Long Beach failed to disclose, on its TILA Disclosure Statement, that it was taking a security interest in the consumers' personal property

via its 1-4 Family Rider attached to the mortgage instrument. For this alleged violation, all plaintiffs seek, on behalf of themselves and putative class members, statutory damages pursuant to 15 U.S.C. § 1640.

5. Procedurally, transfer/consolidation of these cases, together with the ones that are the subject of the parties' pending Motion To Reassign Related Cases, will serve to streamline the Long Beach 1-4 Family Rider litigation, and will avoid duplication of effort, labor and cost and will ensure uniformity of rulings. The proposed transferee cases, Carye and Mason, have been pending for a relatively short period of time. Additionally, discovery in these two cases is at a very early stage or has not been initiated. In contrast, written discovery is largely completed in Navara, and most depositions have been taken. The discovery taken in Navara can easily be exchanged with the parties in the Carye and Mason actions.

6. The Northern District of Illinois is the most appropriate transferee District for the coordination or consolidation of these actions because the Navara action has been pending the longest, written discovery is nearly completed, and the assigned Judge is already familiar with the issues of law that will arise in Carye, Mason and the additional cases that are subject to the pending Motion To Reassign Related Cases. Judge Filip has already issued a thoughtful Memorandum Opinion in ruling on Long Beach's Motion to Dismiss; it addresses most or all of the legal issues likely to be raised on summary judgment. Judge Filip has previously given indications that he is interested in the proposed MDL assignment.

7. A transfer of the Carye and Mason actions to the Northern District of Illinois for consolidated pre-trial and trial proceedings "will be for the convenience of parties and witnesses." 28 U.S.C. § 1407(a). The same attorneys represent Long Beach in all three actions, as well as in all of the actions that are the subject of the pending motion to reassign.

3

Consequently, the Defendant would be spared the burden of having to defend virtually identical actions involving the same operative facts in separate Districts, and any witnesses and corporate designees which reside throughout the country would also be spared the possibility of being required to attend multiple pre-trial hearings, settlement conferences, depositions, and trial proceedings in different Districts.

8. A transfer of the Carye and Mason actions would "promote the just and efficient conduct" of this litigation. 28 U.S.C. § 1407(a). These actions are in sufficiently early stages that no significant time or effort has yet been yet invested in them, and the respective Courts have not yet acquired extensive familiarity with the issues, facts, or parties involved.

9. The pending actions listed in the accompanying schedule of actions attached hereto as Appendix E assert common questions of fact and law, and consolidation or coordination of the related cases would promote efficiency and convenience for the parties, the witnesses and the Courts. The requirements for transfer and consolidation under 28 U.S.C. § 1407 are, therefore, satisfied.

10. Pursuant to Rule 5.12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a copy of this Motion shall be filed in each District Court in which an action is pending that would be affected by this Motion.

11. Defendant Long Beach has no objection to this motion but does not concede the propriety of class certification for any of the actions involved.

WHEREFORE, for the foregoing reasons, and for the reasons more fully set in the accompanying Memorandum of Law in Support of this Motion, all plaintiffs respectfully request, pursuant to 28 U.S.C. § 1407, that this Panel enter an order consolidating/transferring the Carye and Mason actions to the Northern District of Illinois for consolidated pretrial and trial

proceedings with the Navara action currently pending there before Judge Filip.

Dated: June 11, 2007

Respectfully submitted,

Al Hofeld, Jr.,
Attorney for plaintiffs Navara,
Stinson, Mason and Watkins

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre  6/11/07
Attorney for plaintiff Carye

Claude Lefebvre
Christopher M. Lefebvre
CHRISTOPHER M. LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)