Case 1:05-cv-00864    Document 54-4    Filed 01/11/2006    Page 3 of 17

| | | | Paid From Borrowers Funds at Settlement | Paid From Sellers Funds at Settlement |
|---|---|---|---|---|
| 700. | Total sales/broker commission | | | |
| | Division of commission (line 700) as follows: | | | |
| 701. | $ | | | |
| 702. | $ | | | |
| 703. | Commission paid at settlement | | | |
| 704. | | | | |
| 800. | | | | |
| 801. | Loan origination fee | to New Millennium | 800.00 | |
| 802. | Loan discount | | | |
| 803. | Appraisal fee | | | |
| 804. | Credit report | to New Millennium | 50.00 | |
| 805. | Lender's inspection fee | | | |
| 806. | Mortgage insurance application fee | | | |
| 807. | Assumption fee | | | |
| 808. | Tax Service Fee | to Long Beach Mortgage Company | 50.00 | |
| 809. | Doc Prep Fee | to Long Beach Mortgage Company | 200.00 | |
| 810. | Processing Fee | to New Millennium | 500.00 | |
| 811. | Lime Underwriting Fee | to Long Beach Mortgage Company | 239.00 | |
| 812. | Flood Search Fee | to Long Beach Mortgage Company | 12.00 | |
| 813. | | | | |
| 900. | | | | |
| 901. | Interest from 5/4/04 to 6/1/04 at $12.7400/day for 28 days. | 356.72 | |
| 902. | Mortgage Insurance premium for | | | |
| 903. | Hazard Insurance premium for | to State of Farm Ins | 858.00 | |
| 904. | | | | |
| 905. | | | | |
| 1000. | | | | |
| 1001. | Hazard Insurance | 10 mo.@ $125.0800 per mo. | 1,250.80 | |
| 1002. | Mortgage Insurance | | | |
| 1003. | City property taxes | | | |
| 1004. | County property taxes | 11 mo.@ $176.3300 per mo. | 1,939.63 | |
| 1005. | Annual assessments (maint.) | | | |
| 1006. | | | | |
| 1007. | | | | |
| 1008. | | | | |
| 1009. | Aggregate Adjustment | to Long Beach Mortgage Company | (176.29) | |
| 1100. | | | | |
| 1101. | Settlement or closing fee | to Citywide Title Corporation | 200.00 | |
| 1102. | Abstract or title search | | | |
| 1103. | Title examination | | | |
| 1104. | Title insurance binder | | | |
| 1105. | Document preparation | | | |
| 1106. | Notary fees | | | |
| 1107. | Attorney's fees to | | | |
| | includes above items no.: | | | |
| 1108. | Title Insurance | to Citywide Title Corporation | 295.00 | |
| | includes above items no.: | | | |
| 1109. | Lender's coverage | $50,000.00    $195.00 | | |
| 1110. | Owner's coverage | | | |
| 1111. | After Hour Fee | to Citywide Title Corporation | 50.00 | |
| 1112. | Courier Fee | to Citywide Title Corporation | 75.00 | |
| 1113. | Remote Fee | to Citywide Title Corporation | 150.00 | |
| 1200. | | | | |
| 1201. | Recording fees: | MSC $125.00 | 125.00 | |
| 1202. | City/county tax/stamps: | | | |
| 1203. | State tax/stamps: | | | |
| 1204. | DFI Policy Fee | to State of Illinois | 3.00 | |
| 1205. | | | | |
| 1206. | | | | |
| 1300. | | | | |
| 1301. | Survey | | | |
| 1302. | Pest Inspection | | | |
| 1303. | Pay | to Capital One Bank | 107.00 | |
| 1304. | Pay | to First Premier | 117.00 | |
| 1305. | Pay | to ACS | 28,000.00 | |
| 1306. | | | | |
| 1307. | | | | |
| 1400. | Total settlement charges (entered on lines 103, section J and 502, section K) | 33,272.25 | |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

Guadalupe M Navara

x *Gundalaa M Navara*

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

*[signature]*                                                    4-29-04
_____                                    _____
                                                                  Date

Citywide Title Corporation

SELLER'S AND/OR PURCHASER'S STATEMENT Seller's and Purchaser's signature hereon acknowledges his/their approval of tax prorations and signifies their understanding that prorations were based on taxes for the preceding year, or estimates for the current year, and in the event of any change for the current year, all necessary adjustments must be made between Seller and Purchaser, likewise any default in delinquent taxes will be reimbursed to Title Company by the Seller.

Title Company, in its capacity as Escrow Agent, is and has been authorized to deposit all funds it receives in this transaction in any financial institution, whether affiliated or not. Such financial institution may provide Title Company computer accounting and audit services directly or through a separate entity which, if affiliated with Title Company, may charge the financial institution reasonable and proper compensation therefore and retain any profits therefrom. Any escrow fees paid by any party involved in this transaction shall only be for the bookkeeping and input to the computer, but not for clerical accounting and audit services. Title Company shall not be liable for any interest or other charges on the earnest money and shall be under no duty to invest or reinvest funds held by it at any time. Sellers and Purchasers hereby acknowledge and consent to the deposit of the escrow money in financial institutions with which Title Company has or may have other banking relationships and further consent to the retention by Title Company and/or its affiliates of any and all benefits (including advantageous interest rates on loans) Title Company and/or its affiliates may receive from such financial institutions by reason of their maintenance of said escrow accounts.

The parties have read the above statement, recognize that the recitations herein are material, agree to same, and recognize Title Company is relying on the same.

Purchaser/Borrower                                              Seller

*Guadalupe M Navara*
_____
Guadalupe M Navara

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see Title 18: U.S. Code Section 1001 and Section 1010.

# EXHIBIT D

## TRUTH-IN-LENDING DISCLOSURE STATEMENT

LENDER OR LENDER'S AGENT:

LONG BEACH MORTGAGE COMPANY
1400 S. DOUGLASS RD., SUITE 100
ANAHEIM, CA 92806

☐ Preliminary   ☒ Final
DATE: 04/29/04
LOAN NO.: 6247732-7891
Type of Loan: ADJUSTABLE RATE

BORROWERS:   GUADALUPE M NAVARA

ADDRESS:   2715 S KOSTNER AVE
CITY / STATE / ZIP:   CHICAGO, IL 60623
PROPERTY:   2715 S KOSTNER AVE
  CHICAGO, IL 60623

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.811 % | $ 100,900.08 | $ 47,837.52 | $ 148,737.60 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 360 | 413.16 | Monthly beginning 07/01/04 | | | |

DEMAND FEATURE:   ☒ This loan does not have a Demand Feature.    ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
☒ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:   2715 S KOSTNER AVE
CHICAGO, IL 60623

ASSUMPTION: Someone buying this property ☒ cannot assume the remaining balance due under original mortgage terms ☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ 60.00

PROPERTY INSURANCE: Property hazard insurance is a required condition for this loan. You may purchase this insurance from any insurance company acceptable to the Lender.

☐ Hazard insurance is available through the lender at an estimated cost of $ _____ for _____ years.

LATE CHARGES: If your payment is more than 15 days late, you will be charged a late charge of 5.000 % of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
☐ may ☒ will not   have to pay a penalty.
☐ may ☒ will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We understand that this is neither a contract nor a commitment to Lend.
I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Guadalupe M Navara 4-29-04_
GUADALUPE M NAVARA    BORROWER / DATE

BORROWER / DATE

BORROWER / DATE

BORROWER / DATE

VMP -755 (0112)
© 2002 CSC Systems, Inc. The reproduction of this form in whole or in part is prohibited under the copyright laws of the United States.
TLF (0301012) UG

VMP MORTGAGE FORMS - (800)521-7291

12/01

## DEFINITION OF TRUTH-IN-LENDING TERMS

### ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

### PREPAID FINANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower. Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

### FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

### AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A). For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

### TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

### PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable). These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

# EXHIBIT E

**NOTICE OF RIGHT TO CANCEL**

|  |  |
|---|---|
|  | DATE  04/29/04 |
| LENDER: LONG BEACH MORTGAGE COMPANY | LOAN NO.  8247732-7891 |
|  | TYPE  ADJUSTABLE RATE |

BORROWERS/OWNERS  GUADALUPE M NAVARA

ADDRESS
/STATE/ZIP
PROPERTY

2715 S KOSTNER AVE
CHICAGO, IL 60623
2715 S KOSTNER AVE
CHICAGO, IL  60623

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the transaction, which is   4/29/04    ; or
(2)   The date you received your Truth in Lending disclosures; or
(3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

LONG BEACH MORTGAGE COMPANY
1300 WOODFIELD ROAD, 6TH FLOOR
SCHAUMBURG, IL 60173

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of   5/3/04   (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____                              _____
SIGNATURE                                                                          DATE

---

The undersigned each acknowledge receipt of two copies of NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

*Guadalupe M Navara*  4-29-04                          _____
BORROWER/OWNER                          DATE  BORROWER/OWNER          DATE
GUADALUPE M NAVARA

_____                              _____
BORROWER/OWNER                          DATE  BORROWER/OWNER          DATE

LBMD-64 (3113.31)
1054 VMP (04/01/31) PG                    VMP MORTGAGE FORMS - (800)521-7291                    12/97

## NOTICE OF RIGHT TO CANCEL

|  | DATE | 04/29/04 |
| --- | --- | --- |
|  | LOAN NO. | 6247732-7591 |
|  | TYPE | ADJUSTABLE RATE |

LENDER: LONG BEACH MORTGAGE COMPANY

BORROWERS/OWNERS  GUADALUPE M NAVARA

ADDRESS          2715 S KOSTNER AVE
CITY/STATE/ZIP   CHICAGO, IL 60623
PROPERTY         2715 S KOSTNER AVE
                 CHICAGO, IL  60623

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the transaction, which is _____4/29/04_____ ; or
(2)  The date you received your Truth in Lending disclosures; or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

LONG BEACH MORTGAGE COMPANY
1300 WOODFIELD ROAD, 6TH FLOOR
SCHAUMBURG, IL 60173

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____5/3/04_____ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____          _____
SIGNATURE                                 DATE

---

The undersigned each acknowledge receipt of two copies of NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Guadalupe M Navaro 4-29-04_     _____
BORROWER/OWNER                DATE     BORROWER/OWNER          DATE
GUADALUPE M NAVARA

_____          _____
BORROWER/OWNER                DATE     BORROWER/OWNER          DATE

LND-56 (0112).01                 VMP MORTGAGE FORMS - (800)521-7291                    12/97
1564VMP (04/2001) PC

Case 1:05-cv-00864     Document 54-4     Filed 04/11/2006     Page 11 of 17

## NOTICE OF RIGHT TO CANCEL

| | |
|---|---|
| LENDER: LONG BEACH MORTGAGE COMPANY | DATE  04/29/04 |
| | LOAN NO.  6247732-7891 |
| | TYPE  ADJUSTABLE RATE |

BORROWERS/OWNERS  GUADALUPE M NAVARA

ADDRESS      2715 S KOSTNER AVE
CITY/STATE/ZIP  CHICAGO, IL 60623
PROPERTY     2715 S KOSTNER AVE
             CHICAGO, IL  60623

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the transaction, which is _____4/29/04_____ ; or
(2)  The date you received your Truth in Lending disclosures; or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
          LONG BEACH MORTGAGE COMPANY
          1300 WOODFIELD ROAD, 6TH FLOOR
          SCHAUMBURG, IL  60173

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ____5/3/04____ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____          _____
SIGNATURE                                 DATE

---

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Guadalupe M Navara_ 11-3-04_
GUADALUPE M NAVARA                     DATE     BORROWER/OWNER                     DATE
BORROWER/OWNER

_____          _____
BORROWER/OWNER                     DATE     BORROWER/OWNER                     DATE

GBD-64 (07121201)                VMP MORTGAGE FORMS - (800)521-7291          12/97
1554VMP (04052001) PC

## NOTICE OF RIGHT TO CANCEL

|  |  |
|---|---|
|  | DATE   04/29/04 |
|  | LOAN NO.   6247732-7891 |
| LENDER: LONG BEACH MORTGAGE COMPANY | TYPE   ADJUSTABLE RATE |

BORROWERS/OWNERS  GUADALUPE M NAVARA

DDRESS        2715 S KOSTNER AVE
CITY/STATE/ZIP   CHICAGO, IL 60623
PROPERTY     2715 S KOSTNER AVE
                   CHICAGO, IL  60623

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the transaction, which is _____4/29/04_____ ; or
(2)   The date you received your Truth in Lending disclosures; or
(3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

LONG BEACH MORTGAGE COMPANY
1300 WOODFIELD ROAD, 6TH FLOOR
SCHAUMBURG, IL  60173

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ___5/3/04___ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____              _____
SIGNATURE                                                      DATE

---

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Guadalupe M Navarro_  4-29-04    _____
BORROWER/OWNER                        DATE   BORROWER/OWNER                    DATE
GUADALUPE M NAVARA

_____              _____
BORROWER/OWNER                        DATE   BORROWER/OWNER                    DATE

1300 -64 (9712).01                                    VMP MORTGAGE FORMS - (800)521-7291                    12/97
1064VMP (0422/01) PC

EXHIBIT F

| Creditor: | Applicant(s): |
|---|---|
| NEW MILLENNIUM MORTGAGE GROUP CORP. 2909 N. MILWAUKEE CHICAGO, IL 60618 | GUADALUPE NAVARA |

| Mailing Address: | Property Address: |
|---|---|
| GUADALUPE NAVARA 2715 S. KOSTNER AVE CHICAGO, IL 60623 | 2715 S. KOSTNER AVE CHICAGO, IL 60623 |

| Loan Number: 99-0355 | Preparation Date: March 16, 2004 |
|---|---|
| Loan Type: Conventional | Estimated Interest Rate: 9.300 % |

| | | | |
|---|---|---|---|
| | Loan Amount | $ | 50,000.00 |
| | Prepaid Finance Charge | – $ | 2,853.10 |
| | Amount Financed | = $ | 47,146.90 |

**ITEMIZATION OF PREPAID FINANCE CHARGE**

| | | | |
|---|---|---|---|
| 804 | Credit Report | $ | 50.00 |
| 808 | Mortgage Broker Fee @ 2.000% | $ | 1,000.00 |
| 814 | Processing Fee | $ | 500.00 |
| 901 | Interest @ $12.7397/day for 15 days | $ | 191.10 |
| 902 | Mortgage Insurance Premium for 0 months | $ | 0.00 |
| 1101 | Closing or Escrow Fee | $ | 200.00 |
| 1201 | Recording Fee | $ | 125.00 |
| 1303 | INVESTOR FEE (LONG BEACH MTG) | $ | 562.00 |
| 1304 | COURIER FEE (CITYWIDE TITLE) | $ | 75.00 |
| 1305 | ADMINISTRATIVE FEE (NMMGC) | $ | 150.00 |
| | Total Prepaid Finance Charge | $ | 2,853.10 |

**AMOUNT PAID ON YOUR ACCOUNT/PAID TO OTHERS ON YOUR BEHALF**

| | | | |
|---|---|---|---|
| 801 | Origination Fee | $ | 0.00 |
| 802 | Discount Fee | $ | 0.00 |
| 803 | Appraisal Fee | $ | 0.00 |
| 805 | Lender's Inspection Fee | $ | 0.00 |
| 806 | Mortgage Insurance Application Fee | $ | 0.00 |
| 807 | Assumption Fee | $ | 0.00 |
| 810 | Tax Related Service Fee | $ | 0.00 |
| 811 | Application Fee | $ | 0.00 |
| 812 | Commitment Fee | $ | 0.00 |
| 813 | Lender's Rate Lock-In Fee | $ | 0.00 |
| 815 | Underwriting Fee | $ | 0.00 |
| 816 | Wire Transfer Fee | $ | |
| 817 | Yield spread premium to mortgage broker: | $ | 0.00 |
| 903 | Hazard Insurance Premium | $ | |
| 904 | County Property Taxes | $ | 0.00 |
| 905 | Flood Insurance | $ | 214.50 |
| 1001 | Hazard Ins. @ $71.5000/mo. for 3 months | $ | |
| 1002 | Mortgage Ins. | $ | 1,058.04 |
| 1004 | Tax & Assmt. @ $176.3400/mo. for 6 months | $ | 0.00 |
| 1006 | Flood Insurance | $ | -150.00 |
| 1008 | Aggregate Escrow Adjustment | $ | |
| 1102 | Abstract or Title Search | $ | 0.00 |
| 1103 | Title Examination | $ | 0.00 |
| 1105 | Document Preparation Fee | $ | 0.00 |
| 1106 | Notary Fee | $ | 0.00 |
| 1107 | Attorney's Fee | $ | 295.00 |
| 1108 | Title Insurance | $ | 0.00 |
| 1202 | City/County Tax/Stamps | $ | 0.00 |
| 1203 | State Tax/Stamps | $ | 0.00 |
| 1204 | Intangible Tax | $ | 0.00 |
| 1301 | Survey | $ | 0.00 |
| 1302 | Pest Inspection | $ | 0.00 |
| 1306 | STATE OF ILLINOIS -DFI POLICY FEE | $ | 3.00 |
| | Total Amount Paid on your account/Paid to others on your behalf | $ | 1,420.54 |
| | Total Estimated Settlement Charges | $ | 4,273.64 |

I/We hereby acknowledge reading and receiving a complete copy of this disclosure. I/We understand there is no commitment for the creditor to make this loan and there is no obligation for me/us to accept this loan upon delivery or signing of this disclosure.

_Guadalupe M. Navara 4-29-04_ _____
GUADALUPE NAVARA    Date         Date

_____       _____
                     Date         Date

GENESIS 2000, INC. ™ (V17.0™) (800) 882-5204       Form Number: (01/98)

# EXHIBIT G

Loan No. 6247732-7891

# 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made this    29th    day of    April    , 2004
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security
Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure
Borrower's Note to       LONG BEACH MORTGAGE COMPANY
                         1400 S. DOUGLASS RD., SUITE 100
                         ANAHEIM, CA 92806
                                                                    (the "Lender")
of the same date and covering the Property described in the Security Instrument and located at:

                         2715 S KOSTNER AVE
                         CHICAGO, IL   60623
                              [Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:
  A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to the
Property described in the Security Instrument, the following items are added to the Property description, and shall
also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every
nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the
Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling,
electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control
apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers,
disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain
rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property,
all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the
Property covered by the Security Instrument. All of the foregoing together with the Property described in the
Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4
Family Rider and the Security Instrument as the "Property."
  B. USE OF PROPERTY; COMPLIANCE WITH LAW. Borrower shall not seek, agree to or make a
change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change.
Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body
applicable to the Property.
  C. SUBORDINATE LIENS. Except as permitted by federal law, Borrower shall not allow any lien inferior
to the Security Instrument to be perfected against the Property without Lender's prior written permission.
  D. RENT LOSS INSURANCE. Borrower shall maintain insurance against rent loss in addition to the other
hazards for which insurance is required by Uniform Covenant 5.
  E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Uniform Covenant 18 is deleted.
  F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, the first
sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining
covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

MULTISTATE 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac Uniform Instrument                Form 3170 3/93
                                   Page 1 of 2
⟨Ⓜ⟩ -57 (9304).01                                                              Initials: _S̸M N_
                                VMP MORTGAGE FORMS - (800)521-7291
1657-1 (05/24/99) PC

Loan No. 6247732-7891

  G. ASSIGNMENT OF LEASES. Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

  H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

  If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

  If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

  Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

  Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

  I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

  BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_Guadalupe M Navarro_    _____ (Seal)
GUADALUPE M NAVARA -Borrower          -Borrower

_____ (Seal)    _____ (Seal)
        -Borrower              -Borrower

-157 (9304]         Page 2 of 2       Form 3170 3/93
1057-2 (03/24/93) PC

# EXHIBIT H

## TRUTH-IN-LENDING DISCLOSURE STATEMENT

LENDER OR LENDER'S AGENT:

**LONG BEACH MORTGAGE COMPANY**
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**

[ ] Preliminary   [X] Final
DATE: 04/12/06
LOAN NO.: 6711297-7891
Type of Loan: ADJUSTABLE RATE

BORROWERS:    **ALBERT STINSON**

ADDRESS:    **127 BELLWOOD AVE**
CITY / STATE / ZIP:    **BELLWOOD, IL 60104**
PROPERTY:    **5402 S SHIELDS AVE**
    **CHICAGO, IL   60609-6217**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 10.212 % | $ 460,927.62 | $ 142,384.38 | $ 603,312.00 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 60 | 1,181.65 | Monthly beginning 06/01/06 | | | |
| 420 | 1,267.65 | Monthly beginning 06/01/11 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DEMAND FEATURE:   [X] This loan does not have a Demand Feature.   [ ] This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY:   You are giving a security interest in the property located at:   **5402 S SHIELDS AVE**
    **CHICAGO, IL   60609-6217**

ASSUMPTION:   Someone buying this property   [X] cannot assume the remaining balance due under original mortgage terms
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES:   $ 100.00

PROPERTY INSURANCE:   Property hazard insurance is a required condition for this loan.   You may purchase this insurance from any insurance company acceptable to the Lender.

[ ] Hazard insurance is available through the lender at an estimated cost of $ _____ for _____ years.

LATE CHARGES:   If your payment is more than   15   days late, you will be charged a late charge of   5.000   % of the overdue payment.

PREPAYMENT:   If you pay off your loan early, you
[ ] may   [X] will not   have to pay a penalty.
[ ] may   [X] will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding  non-payment, default, required repayment in full before scheduled date, and prepayment refunds and  penalties.   e means estimate

I/We understand that this is neither a contract nor a commitment to Lend.
I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Albert Stinson_    04/12/2006
**ALBERT STINSON**    BORROWER / DATE            BORROWER / DATE

    BORROWER / DATE            BORROWER / DATE

EXHIBIT I

Loan No. 6711297-7891

# 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made this    12th    day of    April    , 2006 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

LONG BEACH MORTGAGE COMPANY
1400 S. DOUGLASS RD., SUITE 100
ANAHEIM, CA 92806

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

5402 S SHIELDS AVE
CHICAGO, IL  60609-6217

[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

B. USE OF PROPERTY; COMPLIANCE WITH LAW. Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

C. SUBORDINATE LIENS. Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

D. RENT LOSS INSURANCE. Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Uniform Covenant 18 is deleted.

F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

MULTISTATE 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac Uniform Instrument        Form 3170 3/93
Page 1 of 2
 -57 (9304).01                    VMP MORTGAGE FORMS - (800)521-7291            Initials: A.S
1057-1 (05/24/99) PC

Loan No. 6711297-7891

G. ASSIGNMENT OF LEASES. Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____(Seal)          _____(Seal)
ALBERT STINSON              -Borrower                                    -Borrower

_____(Seal)          _____(Seal)
                            -Borrower                                    -Borrower

# EXHIBIT J