# Exhibit F

Loan No. 6595276-7923

# 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made this **21st** day of **October**, **2005**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

**LONG BEACH MORTGAGE COMPANY**
**1400 S. DOUGLASS RD., SUITE 100**
**ANAHEIM, CA 92806**

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

**35-37 GOODRICH RD**
**JAMAICA PLAIN, MA  02130**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Uniform Covenant 18 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

MULTISTATE 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac Uniform Instrument        Form 3170 3/93

Page 1 of 2

 -57 (9304).01        VMP MORTGAGE FORMS - (800)521-7291        Initials: _____

1057-1 (05/24/99) PC



Loan No. 6595276-7923

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word ''lease'' shall mean ''sublease'' if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues (''Rents'') of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)          _____ (Seal)
                                        -Borrower                                                  -Borrower
RONALD W. CARYE

_____ (Seal)          _____ (Seal)
                                        -Borrower                                                  -Borrower

# Exhibit G

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

**LENDER OR LENDER'S AGENT:**

**LONG BEACH MORTGAGE COMPANY**
1400 S. DOUGLASS RD., SUITE 100
ANAHEIM, CA 92806

| | |
|---|---|
| Preliminary ☐ Final ☒ | |
| *DATE:* | 10/21/05 |
| *LOAN NO.:* | 6595275-7923 |
| *Type of Loan:* | ADJUSTABLE RATE |

**BORROWERS:** RONALD W. CARYE

**ADDRESS:** 35 GOODRICH RD
**CITY / STATE / ZIP:** JAMAICA PLAIN, MA 02130
**PROPERTY:** 35-37 GOODRICH RD
JAMAICA PLAIN, MA 02130

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.335 % | $ 1,881,298.92 | $ 657,846.84 | $ 2,539,145.76 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 24 | 4,943.65 | Monthly beginning 12/01/05 | | | |
| 456 | 5,308.11 | Monthly beginning 12/01/07 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**DEMAND FEATURE:** ☒ This loan does not have a Demand Feature.    ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
☒ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at: 35-37 GOODRICH RD
JAMAICA PLAIN, MA 02130

**ASSUMPTION:** Someone buying this property ☒ cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $ 244.00

**PROPERTY INSURANCE:** Property hazard insurance is a required condition for this loan. You may purchase this insurance from any insurance company acceptable to the Lender.

☐ Hazard insurance is available through the lender at an estimated cost of $ _____ for _____ years.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **3.000** % of the principal and interest amount overdue.

**PREPAYMENT:** If you pay off your loan early, you
☐ may ☒ will not    have to pay a penalty.
☐ may ☒ will not    be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.    e means estimate
I/We understand that this is neither a contract nor a commitment to Lend.
I/We hereby acknowledge reading and receiving a complete copy of this disclosure.
***The debt secured hereby is subject to call in full the terms thereby being modified in the event the real estate securing the debt is sold, conveyed, or otherwise transferred.

RONALD W. CARYE                    BORROWER / DATE                              BORROWER / DA

_____            BORROWER / DATE                              BORROWER / DA

4140411 (0106).01
4140411 (06/20/01) LG                    VMP MORTGAGE FORMS - (800)521-7291

**DEFINITION OF TRUTH-IN-LENDING TERMS**

### ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

### PREPAID FIANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower. Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

### FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

### AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A). For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

### TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

### PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable). These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

# Exhibit H

## TRUTH-IN-LENDING DISCLOSURE STATEMENT

LENDER OR LENDER'S AGENT:

☐ Preliminary  ☒ Final
DATE: 10/21/05
LOAN NO.: 6595276-7923
Type of Loan: CONVENTIONAL FIXED

**LONG BEACH MORTGAGE COMPANY**
1400 S. DOUGLASS RD., SUITE 100
ANAHEIM, CA 92806

BORROWERS:
**RONALD W. CARYE**

ADDRESS: **35 GOODRICH RD**
CITY / STATE / ZIP: **JAMAICA PLAIN, MA 02130**
PROPERTY: **35-37 GOODRICH RD**
**JAMAICA PLAIN, MA  02130**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.299 % | $ 415,063.96 | $ 165,364.04 | $ 580,428.00 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 360 | 1,612.30 | Monthly beginning 12/01/05 | | | |

DEMAND FEATURE:   ☒ This loan does not have a Demand Feature.   ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
☐ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY:   You are giving a security interest in the property located at:   **35-37 GOODRICH RD**
**JAMAICA PLAIN, MA  02130**

ASSUMPTION:   Someone buying this property  ☒ cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES:   $   177.00

PROPERTY INSURANCE:  Property hazard insurance is a required condition for this loan.  You may purchase this insurance from any insurance company acceptable to the Lender.

☐ Hazard insurance is available through the lender at an estimated cost of $ _____ for _____ years.

LATE CHARGES:   If your payment is more than  **15**  days late, you will be charged a late charge of  **3.000**  % of the principal and interest amount overdue.

PREPAYMENT:   If you pay off your loan early, you
☐ may  ☒ will not   have to pay a penalty.
☐ may  ☒ will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding  non-payment, default, required repayment in full before scheduled date,
and prepayment refunds and penalties.                                                                                      e means estimate

I/We understand that this is neither a contract nor a commitment to Lend.
I/We hereby acknowledge reading and receiving a complete copy of this disclosure.
**This debt secured hereby is subject to call in full the terms thereby being modified in the event the real estate securing the debt is sold, conveyed, or otherwise transferred

_____          _____          _____          _____
**RONALD W. CARYE**                              BORROWER / DATE                                                              BORROWER / DATE

_____          _____          _____          _____
                                                             BORROWER / DATE                                                              BORROWER / DATE

4140411 (0108) 01
41404111 (06/20/01) LG                              VMP MORTGAGE FORMS - (800)521-7291

## DEFINITION OF TRUTH-IN-LENDING TERMS

### ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied.  The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge.  Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs).  The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note.  If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

### PREPAID FIANCE CHARGES

"Prepaid" Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan.  These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower.  Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee.  Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note).  The net figure is the Amount Financed as explained below.

### FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

### AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges.  Prepaid finance charges can be fount on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A).  For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000.  The Amount Financed is the figure on which the Annual Percentage Rate is based.

### TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

### PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable).  These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

# Exhibit I

U.S. Department of Housing
And Urban Development

OMB Approval No. 2502-0265

**B. Type of Loan**

| Conv. Unins. | | 6. File Number: ABCM-1000 | 7. Loan Number: 6595275 | 8. Mortgage Ins. Case No.: |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower: Ronald W. Carye, 35-37 Goodrich Road, Jamaica Plain, MA 02130 | | F. Name and Address of Lender: Long Beach Mortgage 1300 E. Woodfield Rd 6th Flr. Schaumburg, IL, 60173 |

E. Name and Address of Seller:

Seller's TIN#:

| G. Property Location: 35-37 Goodrich Road Jamaica Plain, MA 02130 | H. Settlement Agent: BUONICONTI LAW OFFICES  Place of Settlement: 40 Accord Park Drive, Norwell, MA 02061  City/Cnty of Settlement: Norwell/Plymouth | Tin #: 04-3218780 I. Settlement Date: October 21, 2005  Disbursement: Oct. 26, 2005 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due to Seller | |
| 101. Contract Sales Price | $0.00 | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower (line 1400) | $11,400.04 | 403. | |
| 104. Payoff 1. Option One Mortgage | $680,611.66 | 404. | |
| 105. Payoff 2. CitiMortgage | $86,861.68 | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/Town taxes          to | | 406. City/Town taxes          to | |
| 107. County Taxes          to | | 407. County Taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. 1st and 2nd Qtr Tax Bills | $3,200.00 | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | $782,073.38 | 420. Gross Amount Due to Seller | |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due to Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $664,000.00 | 502. Settlement Charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Proceeds of Second Mortgage | $165,187.04 | 504. Payoff 1. | |
| 205. | | 505. Payoff 2. | |
| 206. | | 506. to | |
| 207. | | 507. to | |
| 208. | | 508. to | |
| 209. | | 509. to | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County Taxes          to | | 511. County Taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | $829,187.04 | 520. Total Reduction Amount Due Seller | |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from borrower (line 120) | $782,073.38 | 601. Gross amount due to seller (line 420) | |
| 302. Less Amount paid by/for borrower (line 220) | ($829,187.04) | 602. Less amount paid by/for seller (line 520) | |
| 303. CASH TO BORROWER: | $47,113.66 | 603. CASH FROM SELLER: | |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained in Blocks E,G,H and I and on line 401 (or if line 401 is asterisked, lines 40 404) is important tax information and is being furnished to the Internal Revenue Service.
If you are required to file a return, a negligence penalty or other sanction will be imposed on you, if this item is required to be reported and the IRS deter that it has not been reported.
SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, wit income tax return; for other transactions, complete the applicable parts of Form 4797, Form 8252 And/or Schedule D (Form 1040). You are required to provide (see Box H) with your correct taxpayer identification number. If you do not provide [see box H] with your correct taxpayer identification number, yo be subject to civil or criminal penalties imposed by law, and under penalties of perjury, I certify that the number shown on this statement is my correct ta identification number.

| | | | Paid From Borrowers Funds at Settlement | Paid From Sellers Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on Price | $0.00 @ % = | | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. | to | | | |
| 702. | to | | | |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| 800. Items Payable In Connection With Loan | | POC | | |
| 801. Loan Origination fee | % ABC Mortgage | | $3,320.00 | |
| 802. Loan Discount | % | | | |
| 803. Appraisal Fee | to C. Wilkie/Quincy, MA | | $150.00 | |
| 804. Credit Report Fee | to | | | |
| 805. | to | | | |
| 806. Doc. Prep. | to LBMC | | $250.00 | |
| 807. Tax Procurement/Tracking Fee | to First American | | $60.00 | |
| 808. Tax Research Services | to Washington Mutual Bank FA | | $31.00 | |
| 809. Flood Certification Fee | to WAMU | | $13.00 | |
| 810. Processing fee | to ABC Mortgage | | $495.00 | |
| 811. LBMC Underwriting Fee | to LBMC | | $549.00 | |
| 812. | to | | | |
| 813. | to | | | |
| 814. Premium Yield Adjustment pd by Lender | to ABC Mortgage | $13,280.00 | | |
| 815. | to | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | | |
| 901. Interest from | 10/26/2005 to 11/1/2005 @ 157.3600 /day 6 Days | | $944.16 | |
| 902. Mortgage insurance premium for | mo. to | | | |
| 903. Hazard insurance premium for | 1 yrs. to Travelers Indemnity | | $1,975.00 | |
| 904. Flood Insurance | yrs. to | | | |
| 905. | | | | |
| 1000. Reserves Deposited With Lender | | | | |
| 1001. Hazard Insurance | 3 months @ $164.58 per month | | $493.74 | |
| 1002. Mortgage Insurance | months @ per month | | | |
| 1003. City property taxes | 2 months @ $524.34 per month | | $1,048.68 | |
| 1007. | months @ per month | | | |
| 1008. Aggregate Accounting Adjustment | | | ($164.54) | |
| 1100. Title Charges | | | | |
| 1101. Settlement or closing fee to | | | | |
| 1102. Abstract or title search to | | | | |
| 1103. Title examination to | Buoniconti & Buoniconti Law Offices, PC | | $130.00 | |
| 1104. Title insurance binder to | | | | |
| 1105. Document preparation to | | | | |
| 1106. Notary fees to | | | | |
| 1107. Attorney's fees to | Buoniconti & Buoniconti Law Offices, P.C. | | $426.00 | |
| ( includes the above items Numbers: ) | | | | |
| 1108. Title insurance to | Commonwealth Land Title Insurance Company | | $1,020.00 | |
| ( includes the above item numbers: :) | | | | |
| 1109. Lender's coverage | $664,000.00 L Prem: $1,020.00 | Endorsement: | | |
| 1110. Owner's coverage | $0.00 O Prem: | | | |
| 1111. Obtain Mortgage Discharge(s) | to Buoniconti Law Offices | | $100.00 | |
| 1112. | to | | | |
| 1113. Title Ins. Commission to Title Agent $816.00 | to | | | |
| 1200. Government Recording and Transfer Charges | | | | |
| 1201. Recording fees: | Deed ; Mortgage $177.00 ; Releases $150.00 | | $327.00 | |
| 1202. City/County/Stamps: | Deed ; Mortgage | | | |
| 1203. State tax/stamps: | Deed $0.00 ; Mortgage | | | |
| 1204. Record Municipal Lien Certificate | to Registry of Deeds | | $67.00 | |
| 1205. Obtain MLC | to Buoniconti & Buoniconti Law Offices, PC | | $25.00 | |
| 1300. Additional Settlement Charges | | | | |
| 1301. Survey to Boston Survey | to | | | |
| 1302. Pest Inspection | to | | | |
| 1303. Overnight Courier Fees | to Buoniconti & Buoniconti Law Offices, PC | | $75.00 | |
| 1304. | to | | | |
| 1305. Survey Affidavit | to Buoniconti & Buoniconti Law Offices, PC | | $75.00 | |
| 1306. | to | | | |
| 1307. | to | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502 Section K) | | | $11,400.04 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers                                          Sellers

_____                    _____
Ronald W. Carye                                    _____

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent _____          Date: October 21, ?
                Buoniconti & Buoniconti Law Offices, Inc.

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see
18 U.S. Code Section 1001 and Section 1010.                    Page 2 of 2                    form HUD - 1 (3

# Exhibit J

Case 1:06-cv-07898 Document 1-15 Filed 05/19/2006    Page 2 of 3

**Settlement Statement**

A. U.S. Department of Housing
And Urban Development

OMB Approval No. 2502-0265

---

**B. Type of Loan**

| | | | |
|---|---|---|---|
| Conv. Unins. | 6. File Number:<br>BRAMA-05-1343 | 7. Loan Number: | 8. Mortgage Ins. Case No.: |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower: | F. Name and Address of Lender: |
|---|---|
| Ronald W. Carye, 35-37 Goodrich Road, Jamaica Plain, MA 02130 | Long Beach Mortgage<br>1300 E. Woodfield Rd 6th Flr.<br>Schaumburg, IL. 60173 |

E. Name and Address of Seller:

Seller's TIN#:

| G. Property Location:<br>35-37 Goodrich Road<br>Jamaica Plain, MA 02130 | H. Settlement Agent:<br>BUONICONTI LAW OFFICES<br><br>Place of Settlement:<br>40 Accord Park Drive, Norwell, MA 02061<br>City/Cnty of Settlement: Norwell/Plymouth | Tin #: 04-3218780<br>I. Settlement Date:<br>October 21, 2005 |
|---|---|---|
| | | Disbursement: | Oct. 26, 2005 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | $0.00 | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower (line 1400) | $812.96 | 403. | |
| 104. Payoff 1. | | 404. | |
| 105. Payoff 2. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/Town taxes        to | | 406. City/Town taxes        to | |
| 107. County Taxes        to | | 407. County Taxes        to | |
| 108. Assessments        to | | 408. Assessments        to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $812.96 | **420. Gross Amount Due to Seller** | |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $166,000.00 | 502. Settlement Charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1. | |
| 205. | | 505. Payoff 2. | |
| 206. | | 506.  to | |
| 207. | | 507.  to | |
| 208. | | 508.  to | |
| 209. | | 509.  to | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes        to | | 510. City/town taxes        to | |
| 211. County Taxes        to | | 511. County Taxes        to | |
| 212. Assessments        to | | 512. Assessments        to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $166,000.00 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $812.96 | 601. Gross amount due to seller (line 420) | |
| 302. Less Amount paid by/for borrower (line 220) | ($166,000.00) | 602. Less amount paid by/for seller (line 520) | |
| **303. CASH TO BORROWER:** | $165,187.04 | **603. CASH FROM SELLER:** | |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained in Blocks E,G,H and I and on line 401 (or if line 401 is asterisked, lines 403 404) is important tax information and is being furnished to the Internal Revenue Service.
If you are required to file a return, a negligence penalty or other sanction will be imposed on you, if this item is required to be reported and the IRS determines that it has not been reported.
SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2110. Sale or Exchange of Principal Residence, for any gain, with income tax return; for other transactions, complete the applicable parts of Form 4797, Form 8252 and/or Schedule D (Form 1040). You are required by law provide (see Box H) with your correct taxpayer identification number. If you do not provide [see box H] with your correct taxpayer identification number, you be subject to civil or criminal penalties imposed by law, and under penalties of perjury. I certify that the number shown on this statement is my correct tax identification number.

| Previous editions are obsolete | Page 1 of 2 | Ref Handbook 4305.2_____ | form HUD-1 |
|---|---|---|---|

Case 1:06-cv-&GY    Document 1-11    Filed 05/19/2006    Page 3 of 3

| L. Settlement Charges | | | | Paid From Borrowers Funds at Settlement | Paid From Sellers Funds at Settlement |
|---|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on Price | $0.00 @ % = | | | | |
| Division of Commission (line 700) as follows: | | | | | |
| 701. | to | | | | |
| 702. | to | | | | |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | | | |
| 800. Items Payable In Connection With Loan | | | POC | | |
| 801. Loan Origination fee | % | | | | |
| 802. Loan Discount | % | | | | |
| 803. Appraisal Fee | to | | | | |
| 804. Credit Report Fee | to | | | | |
| 805. | to | | | | |
| 806. | to | | | | |
| 807. Processing Fee | to LBMC | | | $299.00 | |
| 808. Tax Certification Fee | to | | | | |
| 809. Flood Certification Fee | to LBMC | | | $5.00 | |
| 810. | to | | | | |
| 811. | to | | | | |
| 812. | to | | | | |
| 813. | to | | | | |
| 814. | to | | | | |
| 815. | to | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | | | |
| 901. Interest from | 10/26/2005 to 11/1/2005 @ 51.1600 /day 6 Days | | | $306.96 | |
| 902. Mortgage insurance premium for | mo. to | | | | |
| 903. Hazard insurance premium for | yrs. to | | | | |
| 904. Flood Insurance | yrs. to | | | | |
| 905. | | | | | |
| 1000. Reserves Deposited With Lender | | | | | |
| 1001. Hazard Insurance | months @ | per month | | | |
| 1002. Mortgage Insurance | months @ | per month | | | |
| 1003. City property taxes | months @ | per month | | $0.00 | |
| 1007. | months @ | per month | | | |
| 1008. Aggregate Accounting Adjustment | | | | | |
| 1100. Title Charges | | | | | |
| 1101. Settlement or closing fee to | | | | | |
| 1102. Abstract or title search to | | | | | |
| 1103. Title examination to | | | | | |
| 1104. Title insurance binder to | | | | | |
| 1105. Document preparation to | | | | | |
| 1106. Notary fees to | | | | | |
| 1107. Attorney's fees to | | | | | |
| ( Includes the above items Numbers: ) | | | | | |
| 1108. Title insurance to | | | | | |
| ( Includes the above item numbers: : ) | | | | | |
| 1109. Lender's coverage | $166,000.00 | L. Prem: | | | |
| 1110. Owner's coverage | $0.00 | O Prem: | Endorsement: | | |
| 1111. Obtain Mortgage Discharge(s) | | to | | | |
| 1112. | | to | | | |
| 1113. Title Ins. Commission to Title Agent $0.00 | | | | | |
| 1200. Government Recording and Transfer Charges | | | | | |
| 1201. Recording fees: | Deed ; Mortgage $177.00 ; Releases | | | $177.00 | |
| 1202. City/County/Stamps: | Deed ; Mortgage | | | | |
| 1203. State tax/stamps: | Deed $0.00 ; Mortgage | | | | |
| 1204. Record Municipal Lien Certificate | to | | | | |
| 1205. | to | | | | |
| 1300. Additional Settlement Charges | | | | | |
| 1301. Survey to | | to | | | |
| 1302. Pest inspection | | to | | | |
| 1303. Overnight Courier Fees | | to Buoniconti Law Offices | | $25.00 | |
| 1304. | | to | | | |
| 1305. | | to | | | |
| 1306. | | to | | | |
| 1307. | | to | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502 Section K) | | | | $812.96 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers                                                                        Sellers

Ronald W. Carye

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disburs In accordance with this statement.

Settlement Agent: _____                              Date: October 21, 20

Buoniconti & Buoniconti Law Offices, Inc.

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: T
18 U.S. Code Section 1001 and Section 1010.

Page 2 of 2                                                                     form HUD – 1 (3/8

CLOSED, STAY

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:06-cv-10887-WGY

Carye v. Long Beach Mortgage Company
Assigned to: Judge William G. Young
Cause: 15:1640 Truth in Lending

Date Filed: 05/19/2006
Date Terminated: 06/08/2007
Jury Demand: Plaintiff
Nature of Suit: 371 Truth in Lending
Jurisdiction: Federal Question

**Plaintiff**
**Ronald W. Carye**
*TERMINATED: 04/09/2007*

represented by **Christopher M. Lefebvre**
PO Box 479
Pawtucket, RI 02862
401-728-6060
Fax: 401-728-6534
Email: lefeblaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Mirlaine Jeune**

represented by **Christopher M. Lefebvre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Charles A. Smith**
*TERMINATED: 06/06/2007*

represented by **Christopher M. Lefebvre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Long Beach Mortgage Company**

represented by **Bethany K. Biesenthal**
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
312-222-9350
Fax: 312-527-0484
Email: bbiesenthal@jenner.com
*TERMINATED: 05/30/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Neumeier**
Howrey LLP
Suite 3400
321 North Clark St.
Chicago, IL 60610
312-846-5640
Fax: 312-595-2250
Email: NeumeierM@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R. Bruce Allensworth**
Kirkpatrick & Lockhart Preston Gates
Ellis LLP - MA
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617-261-3119
Fax: 617-261-3175
Email: bruce.allensworth@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott T. Schutte**
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610
312-595-1239
Fax: 312-595-2250
Email: schuttes@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Marc Forbes**
Kirkpatrick & Lockhart Preston Gates
Ellis LLP
State Street Financial Center, One
Lincoln Street
Boston, MA 02110-2950
617-261-3100
Fax: 617-261-3175
Email: brian.m.forbes@klgates.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/2006 | 1 | COMPLAINT against Long Beach Mortgage Company Filing fee: $ 350.00, receipt number 72620, filed by Ronald W. Carye. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Civil Cover Sheet and Category Form)(Paine, Matthew) (Entered: 05/22/2006) |
| 05/19/2006 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Paine, Matthew) (Entered: 05/22/2006) |
| 05/19/2006 | | Summons Issued as to Long Beach Mortgage Company. (Paine, Matthew) (Entered: 05/22/2006) |
| 06/26/2006 | 2 | NOTICE of Appearance by R. Bruce Allensworth on behalf of Long Beach Mortgage Company (Allensworth, R.) (Entered: 06/26/2006) |
| 06/26/2006 | 3 | NOTICE of Appearance by Brian Marc Forbes on behalf of Long Beach Mortgage Company (Forbes, Brian) (Entered: 06/26/2006) |
| 06/26/2006 | 4 | MOTION for Leave to Appear Pro Hac Vice by Mattew M. Neumeier; Scott T. Schutte; Bethany K. Biesenthal by Long Beach Mortgage Company.(Allensworth, R.) (Entered: 06/26/2006) |
| 06/26/2006 | 5 | MOTION to Dismiss by Long Beach Mortgage Company.(Allensworth, R.) (Entered: 06/26/2006) |
| 06/26/2006 | 6 | MEMORANDUM in Support re 5 MOTION to Dismiss *Plaintiff's Complaint* filed by Long Beach Mortgage Company. (Attachments: # 1 Exhibit)(Allensworth, R.) (Entered: 06/26/2006) |
| 06/28/2006 | | Filing fee: $ 150.00, receipt number 73378 for 4 MOTION for Leave to Appear Pro Hac Vice by Mattew M. Neumeier; Scott T. Schutte; Bethany K. Biesenthal. (Paine, Matthew) (Entered: 06/28/2006) |
| 06/28/2006 | | Judge William G. Young : Electronic ORDER entered granting 4 Motion for Leave to Appear Pro Hac Vice. Added Matthew M. Neumeier for Long Beach Mortgage Company, Scott T. Schutte for Long Beach Mortgage Company, and Bethany K. Biesenthal for Long Beach Mortgage Company. (Paine, Matthew) (Entered: 06/28/2006) |
| 07/05/2006 | 7 | CORPORATE DISCLOSURE STATEMENT by Long Beach Mortgage Company. (Allensworth, R.) (Entered: 07/05/2006) |
| 07/07/2006 | 8 | Assented to MOTION for Extension of Time to July 24, 2006 to File Response/Reply as to 5 MOTION to Dismiss by Ronald W. Carye. (Lefebvre, Christopher) (Entered: 07/07/2006) |
| 07/11/2006 | | Judge William G. Young : Electronic ORDER entered GRANTING 8 Assented to MOTION for Extension of Time to July 24, 2006 to File Response/Reply as to 5 MOTION to Dismiss. (Paine, Matthew) (Entered: 07/11/2006) |
| 07/12/2006 | | ELECTRONIC NOTICE of Hearing on Motion 5 MOTION to Dismiss: Motion Hearing set for 9/14/2006 02:00 PM before Judge William G. Young. Opposition is due by 7/24/06. Reply, if any, is due by 8/4/06. cc/cl(Smith, Bonnie) (Entered: 07/12/2006) |
| | | |

| 07/24/2006 | 9 | MEMORANDUM in Opposition re 5 MOTION to Dismiss *Plaintiff''s Complaint filed by Long Beach Mortgage Company* filed by Ronald W. Carye. (Lefebvre, Christopher) (Entered: 07/24/2006) |
|---|---|---|
| 08/04/2006 | 10 | Joint MOTION for Extension of Time *to Respond to Plaintiff's Proposed Amended Complaint and Motion to Vacate Current Briefing and Hearing Dates* by Long Beach Mortgage Company.(Forbes, Brian) (Entered: 08/04/2006) |
| 08/07/2006 | | Judge William G. Young : Electronic ORDER entered terminating 5 Motion to Dismiss, granting 10 Motion for Extension of Time The answer is due by 9/7/06. (Smith, Bonnie) (Entered: 08/07/2006) |
| 08/07/2006 | | ELECTRONIC NOTICE Cancelling Hearing. Hearing cancelled: motion hearing on Motion to Dismiss (Smith, Bonnie) (Entered: 08/07/2006) |
| 08/09/2006 | 11 | UNOPPOSED MOTION for Leave to File First Amended Complaint, by Ronald W. Carye. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q# 18 Exhibit R# 19 Exhibit S# 20 Exhibit T# 21 Exhibit U# 22 Exhibit V# 23 Exhibit W# 24 Exhibit X# 25 Exhibit Y# 26 Exhibit Z# 27 Exhibit AA# 28 Exhibit BB) (Paine, Matthew) (Entered: 08/10/2006) |
| 08/17/2006 | | Judge William G. Young : Electronic ORDER entered GRANTING 11 MOTION for Leave to File First Amended Complaint; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures (Paine, Matthew) (Entered: 08/17/2006) |
| 09/07/2006 | 12 | MOTION to Dismiss *First Amended Complaint and to Sever Claims of Jeune and Smith* by Long Beach Mortgage Company.(Allensworth, R.) (Entered: 09/07/2006) |
| 09/07/2006 | 13 | MEMORANDUM in Support re 12 MOTION to Dismiss *First Amended Complaint and to Sever Claims of Jeune and Smith* filed by Long Beach Mortgage Company. (Attachments: # 1 Exhibit A through C) (Allensworth, R.) (Entered: 09/07/2006) |
| 09/08/2006 | | ELECTRONIC NOTICE of Hearing on Motion 12 MOTION to Dismiss *First Amended Complaint and to Sever Claims of Jeune and Smith*: Motion Hearing set for 10/18/2006 02:00 PM in Courtroom 18 before Judge William G. Young. Opposition is due by 9/21/06. Reply brief, if any, is due by 10/2/06(Smith, Bonnie) (Entered: 09/08/2006) |
| 09/19/2006 | | ELECTRONIC NOTICE OF RESCHEDULING OF PLACE OF HEARINGMotion Hearing set for 10/18/2006 02:00 PM before Judge William G. Young will be held at SUFFOLK LAW SCHOOL, 120 TREMONT ST., 4TH FLOOR, BOSTON MA. (Smith, Bonnie) (Entered: 09/19/2006) |
| 09/21/2006 | 14 | RESPONSE to Motion re 12 MOTION to Dismiss *First Amended* |

| | | |
|---|---|---|
| | | *Complaint and to Sever Claims of Jeune and Smith* filed by all plaintiffs. (Lefebvre, Christopher) (Entered: 09/21/2006) |
| 10/02/2006 | 15 | REPLY to Response to Motion re 12 MOTION to Dismiss *First Amended Complaint and to Sever Claims of Jeune and Smith* filed by Long Beach Mortgage Company. (Schutte, Scott) (Entered: 10/02/2006) |
| 10/18/2006 | | ElectronicClerk's Notes for proceedings held before Judge William G. Young : Motion Hearing held on 10/18/2006 re 12 MOTION to Dismiss *First Amended Complaint and to Sever Claims of Jeune and Smith* filed by Long Beach Mortgage Company,. After hearing the Motion is Denied in part and Taken UNDER ADVISEMENT in part. The Court holds a 16.1 scheduling conference and sets the Final Pretrial Conference for NO SOONER THAN 10/1/2007 02:00 PM before Judge William G. Young. Jury Trial set for RUNNING TRIAL LIST AS OF 11/5/2007 09:00 AM before Judge William G. Young. The case is to go to ADR as of Aug.,07. The parties are to file a joint case management proposal 2 weeks after the ruling on the Motion Under Advisement.(Court Reporter Womack.) (Smith, Bonnie) (Entered: 10/19/2006) |
| 01/22/2007 | 16 | Judge William G. Young : ORDER entered. MEMORANDUM AND ORDER: "Long Beach's Motion to Dismiss Doc. No. 12 is ALLOWED in Part, and DENIED in Part. (Paine, Matthew) (Entered: 01/22/2007) |
| 01/29/2007 | 17 | MOTION for Reconsideration re 16 Memorandum & ORDER by Ronald W. Carye.(Lefebvre, Christopher) (Entered: 01/29/2007) |
| 01/30/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 17 MOTION for Reconsideration re 16 Memorandum & ORDER. (Paine, Matthew) (Entered: 01/30/2007) |
| 02/05/2007 | 18 | JOINT SUBMISSION pursuant to Local Rule 16.1 *Parties' Joint Management Proposal* by Long Beach Mortgage Company.(Schutte, Scott) (Entered: 02/05/2007) |
| 02/05/2007 | 19 | CERTIFICATION pursuant to Local Rule 16.1 *(d)(3) CERTIFICATE* by Long Beach Mortgage Company.(Schutte, Scott) (Entered: 02/05/2007) |
| 02/05/2007 | 20 | ANSWER to Complaint by Long Beach Mortgage Company.(Schutte, Scott) (Entered: 02/05/2007) |
| 02/05/2007 | 21 | Judge William G. Young : ORDER entered. re 18 Joint Submission is SO ORDERED AS MODIFIED as the Case Management Scheduling Order. DISCOVERY DUE August 6, 2007 and DISPOSITIVE MOTIONS DUE August 20, 2007 OR 3 MONTHS PRIOR TO THE TRIAL MONTH WHICH EVER IS EARLIER. (Paine, Matthew) (Entered: 02/06/2007) |
| 04/06/2007 | 22 | Assented to MOTION to Dismiss *Plaintiff Ronald W. Carye from this action* by Ronald W. Carye.(Lefebvre, Christopher) (Entered: 04/06/2007) |
| 04/09/2007 | | Judge William G. Young : Electronic ORDER entered GRANTING 22 Assented to MOTION to Dismiss Plaintiff Ronald W. Carye from this Action. (Paine, Matthew) (Entered: 04/09/2007) |

| 05/29/2007 | 23 | NOTICE of Withdrawal of Appearance by Bethany K. Biesenthal *(Attorney)* (Biesenthal, Bethany) (Entered: 05/29/2007) |
|---|---|---|
| 05/30/2007 | 24 | NOTICE of Change of Address by Scott T. Schutte (Schutte, Scott) (Entered: 05/30/2007) |
| 06/05/2007 | 25 | Assented to MOTION to Dismiss *Plaintiff Charles A. Smith from this Action* by Mirlaine Jeune.(Lefebvre, Christopher) (Entered: 06/05/2007) |
| 06/06/2007 | | Judge William G. Young : Electronic ORDER entered GRANTING 25 Assented to MOTION to Dismiss Plaintiff Charles A. Smith from this Action. (Paine, Matthew) (Entered: 06/06/2007) |
| 06/06/2007 | 26 | MOTION for Leave to File Second Amended Complaint by Mirlaine Jeune. (Attachments: # 1 Appendix A# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J# 12 Exhibit K# 13 Exhibit L# 14 Exhibit M# 15 Exhibit N# 16 Exhibit O)(Paine, Matthew) (Entered: 06/07/2007) |
| 06/07/2007 | 27 | MOTION to Stay *Proceedings* by Mirlaine Jeune. (Attachments: # 1 Exhibit Proposed Memorandum in Support of MDL Transfer)(Lefebvre, Christopher) (Entered: 06/07/2007) |
| 06/08/2007 | | Judge William G. Young : Electronic ORDER entered GRANTING 27 MOTION to Stay Proceedings. CASE ORDERED ADMINISTRATIVELY CLOSED. (Paine, Matthew) (Entered: 06/08/2007) |
| 06/08/2007 | | Civil Case Administratively Closed. (Paine, Matthew) (Entered: 06/08/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/12/2007 12:00:22 | | |
| PACER Login: | ec0074 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:06-cv-10887-WGY |
| Billable Pages: | 3 | Cost: | 0.24 |