# APPENDIX D

## Al Hofeld

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov
**Sent:** Monday, June 11, 2007 8:27 AM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:05-cv-00864 Navara v. Long Beach Mortgage Company et al text entry

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.0

**Notice of Electronic Filing**

The following transaction was entered on 6/11/2007 at 8:26 AM CDT and filed on 6/8/2007
**Case Name:**       Navara v. Long Beach Mortgage Company et al
**Case Number:**     1:05-cv-864
**Filer:**
**Document Number:** 141

**Docket Text:**
MINUTE entry before Judge Mark Filip : Plaintiff's motion to reassign[134] cases 06 C 2323 Shelton v. Long Beach Mortgage Co., et al (Judge Manning) and 07 C 1709 Jamerson, et al v. Long Beach Mortgage Co. (Judge St. Eve), as related to 05 C 864 Navara, et al v. Long Beach Mortgage Co., et al (Judge Filip), is Granted.Mailed notice (cdy, )

**1:05-cv-864 Notice has been electronically mailed to:**

Cathleen M. Combs     ccombs@edcombs.com

Daniel A. Edelman     courtecl@edcombs.com,dedelman@edcombs.com

James O. Latturner    jlatturner@edcombs.com

Matthew M. Neumeier   neumeierm@howrey.com,basak@howrey.com

Scott T. Schutte      schuttes@howrey.com,bacharah@howrey.com

Albert F Hofeld       ahofeld@edcombs.com

Bethany Kaye Biesenthal   bbiesenthal@jenner.com

Gabriel A. Crowson    crowsong@howrey.com

6/11/2007

**1:05-cv-864 Notice has been delivered by other means to:**

6/11/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUADALUPE NAVARA and ALBERT STINSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | 05 C 0864 |
| v. | ) ) ) | |
| LONG BEACH MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; NEW MILLENIUM MORTGAGE GROUP CORP.; ROGELIO A. ASTUDILLO, a/k/a ROGER ASTUDILLO, | ) ) ) ) ) ) ) | Judge Filip Magistrate Judge Denlow |
| Defendants. | ) ) | |
| ERIC SHELTON, | ) ) | |
| Plaintiff, | ) ) ) | 06 C 2323 |
| v. | ) ) ) | |
| LONG BEACH MORTGAGE COMPANY, a Delaware corporation; and, FIRST CAPITAL MORTGAGE CORPORATION, an Illinois corporation, | ) ) ) ) ) ) | Judge Manning Magistrate Judge Brown |
| Defendants. | ) ) | |
| ENIS CARL JAMERSON, DEBORAH A. JAMERSON, ISAAC VEGA, NILMA VEGA, CIRILA SANTIAGO, PEDRO SANTIAGO, OLGA CORONA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | 07 C 1709 |
| v. | ) ) ) | |
| LONG BEACH MORTGAGE COMPANY, | ) ) ) | Judge St. Eve Magistrate Judge Denlow |

1

Defendant.                    )

## MOTION TO REASSIGN RELATED CASES

Pursuant to Local Rule 40.4, Enis Jamerson, Deborah Jamerson, Isaac Vega, Nilma Vega, Cirila Santiago, Pedro Santiago, Olga Corona, (collectively "Movants") respectfully ask this Court to reassign *Shelton* v. *Long Beach Mortgage Company et al.*, 06 C 2323, and *Jamerson et al.* v. *Long Beach Mortgage Company*, 07 C 1709, both currently pending in this District, to this Court as related to the instant case, *Navara* v. *Long Beach Mortgage Company et al.*, 05 C 0864.

In support of this motion, Movants state as follows:

1.  The instant class action was filed on February 11, 2005. The Third Amended Complaint claims, *inter alia*, that Defendant Long Beach Mortgage Company, ("LB") violated the Truth in Lending Act, 15 § 1601 ("TILA") in connection with a "1-4 Family Rider" given to Plaintiffs and a putative class. (Count III). Plaintiffs claim that the Rider created a security interest in their personal property and that LB failed to disclose the security interest on the TILA disclosure form. Plaintiffs seek statutory damages for this alleged violation of TILA. A copy of Navarra's Third Amended Complaint is attached hereto as <u>Appendix A</u>.

2.  *Shelton* was filed on April 26, 2006 and is currently pending before Judge Manning. In the First Amended Complaint, Shelton claims, *inter alia*, that LB violated TILA in connection with a "1-4 Family Rider" given to Plaintiff and a putative class (Count IV). Shelton claims that the Rider created a security interest in his personal property and that LB failed to disclose the security interest on the TILA disclosure form. Shelton seeks statutory damages for this alleged violation of TILA. The "1-4 Family Rider" claim in Count IV of Shelton's First Amended Complaint is substantially identical to the "1-4 Family Rider" claim in Count III of Plaintiffs' Third Amended

2

Complaint. A copy of Shelton's First Amended Complaint is attached hereto as <u>Appendix B</u>.

3. On March 27, 2007, Movants brought an individual action against LB in this District: *Jamerson et al. v. Long Beach Mortgage Company*, 07 C 1709. The case is currently pending before Judge St. Eve.

4. In their Complaint, Movants claim that LB violated TILA in connection with the "1-4 Family Rider." Movants claim that the Rider created a security interest in their personal property and that LB failed to disclose the security interest on the TILA disclosure form. Movants seek statutory damages for this alleged violation of TILA. Movants' "1-4 Family Rider" claim is substantially identical to Navara's "1-4 Family Rider" claim. A copy of Movants' Complaint is attached hereto as <u>Appendix C</u>.

5. Local Rule 40.4(a) provides that "[t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, when one or more of the classes involved in the cases is or are of the same."

6. *Shelton* and *Jamerson* should be reassigned as related to *Navara* because all three actions involve some of the same issues of fact and law as required by L.R. 40.4(a)(2). In each action, one of the claim's raised is whether LB's "1-4 Family Rider" created a security interest in each plaintiff's personal property and, if so, whether LB had a duty under TILA to disclose that security interest on its TILA disclosure form. Additionally, *Shelton* meets the requirements of L.R. 40.4(a)(4) in that *Shelton*'s "1-4 Family Rider" class is a subset of the *Navara* class. *Shelton*'s class definition is essentially identical to that of *Navara*. The only difference is that *Navara*'s class period

3

begins on November 10, 2003; *Shelton*'s, April 26, 2005.

7. Not only do *Shelton* and *Jamerson* satisfy Local Rule 40.4(a)(2), they satisfy all the requirements of Local Rule 40.4(b) which provides that a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following conditions are met:

(1) Both cases are pending in this Court;

(2) The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) The earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) The cases are susceptible of disposition in a single proceeding.

All of these conditions are met.

8. All three actions are pending in the United District Court for the Northern District of Illinois, Eastern Division.

9. The reassignment of *Shelton* and *Jamerson* are likely to result in a substantial saving of judicial time and effort by the Court. With reassignment, only one judge will have to decide any dispositive motions on identical issues of law and fact, as well as any motions for class certification. Although *Navara* and *Shelton* have some individual claims besides the "1-4 Family Rider" claim, trial of the "1-4 Family Rider" claim in each of the three cases would proceed more quickly if conducted together.

10. Designating *Shelton* and *Jamerson* as related would not be likely to delay

proceedings in *Navara*. The parties in *Navara* have not completed their discovery related to the "1-4 Family Rider" claim. Much of the discovery obtained by Plaintiffs in *Navara* relating to the "1-4 Family Rider" claim would be applicable to the *Shelton* and *Jamerson* cases. Some discovery has been taken in *Shelton*. *Jamerson* was only recently filed and defendant has not as yet filed a responsive pleading.

11.  In light of the similarities of the cases, they are susceptible to disposition in a single proceeding. The only real difference is that in both *Shelton* and *Navara* there are individual claims in addition to the "1-4 Family Rider" claim. These additional claims, however, are outweighed by the substantial similarities in each case's "1-4 Family Rider" claim.

12.  Movants' counsel has conferred with counsel for LB in *Navara*, *Shelton*, and *Jamerson*. LB does not object to this motion. Movants' counsel has also conferred with Shelton's counsel. Shelton has no objection to this motion or to having *Shelton* transferred as related to *Navara*.

WHEREFORE, for the foregoing reasons, pursuant to Local Rule 40.4, Movants respectfully ask this Court to reassign *Shelton v. Long Beach Mortgage Company et al.* 06 C 2323, and *Jamerson et al. v. Long Beach Mortgage Company*, 07 C 1709, to this Court as related to *Navara v. Long Beach Mortgage Company et al.*, 05 C 0864.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

5

Albert F. Hofeld, Jr.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle St.
Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUADALUPE NAVARA and ALBERT STINSON, | ) ) ) | |
| Plaintiffs, | ) ) | 05 C 0864 |
| v. | ) ) ) | Judge Filip |
| LONG BEACH MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; NEW MILLENNIUM MORTGAGE GROUP CORP.; ROGELIO A. ASTUDILLO, a/k/a ROGER ASTUDILLO, | ) ) ) ) ) ) | Magistrate Judge Denlow |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

#### INTRODUCTION

1.  Plaintiff Guadalupe Navara brings this action against a "subprime" mortgage lender and two mortgage brokers to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), as amended by the Home Ownership & Equity Protection Act of 1994, 15 U.S.C. §§1602(aa) and 1639 ("HOEPA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages for consumer fraud. Plaintiffs Guadalupe Navara and Albert Stinson bring suit for damages for violation of TILA.

#### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C.

1

§1640 (TILA). Defendants do business in the District and are deemed to reside here.

## PARTIES

3. Plaintiff Guadalupe Navara owns and resides in a home at 2715 S. Kostner, Chicago, IL 60623.

4. Plaintiff Albert Stinson owns and resides in a home at 5402 S. Shields, Chicago, IL 60609.

5. Defendant Long Beach Mortgage Company ("Long Beach") is a foreign corporation authorized to do business in Illinois. It has an office at 1300 E. Woodfield Road, 6th floor, Schaumburg, IL 60173. It is engaged in the business of making "subprime" mortgage loans.

6. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. It is engaged in the business of, inter alia, buying "subprime" mortgage loans on Illinois properties.

7. Defendant New Millennium Mortgage Group Corp. ("New Millenium") is engaged in the business of a mortgage broker. It does business in Illinois. On information and belief, it has offices at, among other places, 4959 West Belmont, Chicago, IL, 60614.

8. Defendant Rogelio A. Astudillo a/k/a Roger Astudillo ("Astudillo") is a loan originator who originates loans for New Millennium. He does business as Astudillo Consulting Services at 4329 W. 26th Street, Suite 200, Chicago, IL 60623. Astudillo Consulting Services was once a corporation, but was dissolved in February, 2004, prior to the events complained of herein. Astudillo continued conducting the business as a proprietorship.

2

## FACTS RELATING TO PLAINTIFF NAVARA

9. On April 29, 2004, plaintiff Guadalupe Navara obtained a $50,000 mortgage loan, secured by her residence, from Long Beach Mortgage Company.

10. Plaintiff Guadalupe Navara obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

11. The following are documents relating to the Navara loan:

   a. Note, Exhibit A;

   b. Mortgage, Exhibit B;

   c. HUD-1 settlement statement, Exhibit C;

   d. Financial disclosure statement under TILA, Exhibit D;

   e. Notice of right to cancel, Exhibit E;

   f. Itemization of amount financed and prepaid finance charge, Exhibit F;

   g. A 1-4 Family Rider to the mortgage, Exhibit G.

12. Plaintiff Guadalupe Navara applied for the loan through a mortgage broker, New Millenium.

13. The loan originator at New Millennium who took the application and presented it to Long Beach was Astudillo.

14. The compensation received by New Millennium and Astudillo for brokering the loan was as follows:

   a. Loan origination fee of $800, listed on line 801 of the HUD-1.

   b. Processing fee of $500, shown on line 810 of the HUD-1;

3

      c.    $8,000 to ACS, meaning Astudillo Consulting Services. Line 1305 of the HUD-1 (Exhibit C) shows a $26,000 payment to "ACS." Astudillo then paid $18,000 of this amount to plaintiff Guadalupe Navara.

15.    The $26,000 payment to "ACS" listed on line 1305 of the HUD-1 (Exhibit C) constituted 52% of the $50,000 principal amount of plaintiff Guadalupe Navara's loan!

16.    Long Beach; its closing agent for plaintiff Guadalupe Navara's loan, Citywide Title Corporation; New Millennium and Astudillo knew or should have known that the $26,000 charge on a $50,000 loan was fraudulent.

17.    The closing agent's and/or the broker's knowledge is imputable to Long Beach.

18.    The $8,000 plus the disclosed broker's fee of $1,300 constituted broker's compensation of 18.6% of the principal amount of the loan. This was exorbitant and unconscionable. Normal compensation for originating a loan is about $2,000.

19.    All compensation paid to mortgage brokers is a finance charge for purposes of TILA, 15 U.S.C. §1605.

20.    The TILA disclosures furnished to plaintiff Guadalupe Navara do not include the $8,000 paid to Rogelio A. Astudillo in the finance charge. See Exhibit F.

21.    Inclusion of the $8,000 in the finance charge would have resulted in the "points and fees" openly exceeding the 8% that triggers application of HOEPA.

22.    Among other things, HOEPA requires special advance disclosures of the annual percentage rate and monthly payment.

23.    No attempt was made to comply with the special advance disclosure

4

requirements.

24.   Inclusion of the $8,000 in the finance charge would also have resulted in a loan openly subject to the the Illinois High Risk Home Loan Act, 815 ILCS 137/1 ("HRHLA"). The HRHLA defines a "high risk home loan" as "a home equity loan in which . . . (ii) the total points and fees payable by the consumer at or before closing will exceed the greater of 5% of the total loan amount or $800... ." 815 ILCS 137/10. "Points and fees" include anything that is defined as "points and fees" under HOEPA.

25.   The loan does not comply with the HRHLA, in that 815 ILCS 137/55 provides that " No lender shall transfer, deal in, offer, or make a high risk home loan that finances points and fees in excess of 6% of the total loan amount." All of the $9,300 received by New Millennium and Astudillo was financed.

26.   The HRHLA also imposes advance disclosure requirements, 815 ILCS 137/95. No attempt was made to comply.

27.   Plaintiff Guadalupe Navara has been directed to make payments to Washington Mutual Bank, FA. Washington Mutual claims a right to payments under the note and mortgage.

28.   On information and belief, Deutsche Bank is the current owner of the loan. Plaintiff Guadalupe Navara was not notified that the loan was assigned to Deutsche Bank.

## FACTS RELATING TO ALBERT STINSON

29.   On April 12, 2006, plaintiff Albert Stinson obtained two mortgage loans from Long Beach, for the purpose of financing the purchase of his prospective residence at 5402 S. Shields, Chicago, IL 60609. The building contains two units.

5

30. The following are documents relating to the first Stinson loan:

   a. Financial disclosure statement under TILA, <u>Exhibit H</u>.

   b. A 1-4 Family Rider to the mortgage, <u>Exhibit I</u>.

31. The following are documents relating to the second Stinson loan:

   a. Financial disclosure statement under TILA, <u>Exhibit J</u>.

   b. A 1-4 Family Rider to the mortgage, <u>Exhibit K</u>.

## COUNT I – TILA

32. Plaintiff Guadalupe Navara incorporates paragraphs 1-3 and 5-28.

33. This claim is against Long Beach Mortgage Company and Deutsche Bank.

34. The TILA disclosures made to plaintiff Guadalupe Navara grossly misstated the amount financed, finance charge and annual percentage rate, in that the compensation to New Millennium and Astudillo was not fully included in the finance charge and annual percentage rate, in violation of 15 U.S.C. §1638 and 12 C.F.R. §226.18.

35. In addition, no attempt was made to comply with the advance disclosure requirements of HOEPA.

36. Long Beach (and later Deutsche Bank) was aware or should have been aware of these violations. Regardless of their knowledge, the loan is subject to rescission.

## RIGHT TO RESCIND

37. Because the transaction was secured by plaintiff Guadalupe Navara's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

6

(a) <u>Consumer's right to rescind.</u>

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

7

> (5) The date the rescission period expires. . . .
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> >
> > (2) A credit plan in which a state agency is a creditor.

38. Plaintiff Guadalupe Navara was not given accurate financial disclosures, in that the finance charge, annual percentage rate, and amount financed were grossly inaccurate.

39. Plaintiff Guadalupe Navara has given notice of plaintiff's election to rescind.

40. Under 15 U.S.C. §1641, plaintiff Guadalupe Navara is entitled to assert the right to rescind against any assignee of the loan.

41. 15 U.S.C. §1635(g) provides:

**Additional relief**

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

WHEREFORE, plaintiff Guadalupe Navara requests that the Court enter judgment in favor of plaintiff Guadalupe Navara and against defendants for:

    a. A judgment voiding plaintiff Guadalupe Navara's mortgage, capable of recordation in the public records, and binding on all defendants;

    b. Statutory damages, including the enhanced HOEPA damages, for the underlying disclosure violations against Long Beach;

    c. If appropriate, statutory damages for failure to rescind;

8

  d. Attorney's fees, litigation expenses and costs.

  e. Such other or further relief as the Court deems appropriate.

## COUNT II -- CONSUMER FRAUD ACT

42. Plaintiff Guadalupe Navara incorporates paragraphs 1-3 and 5-28.

43. This claim is against Long Beach, New Millennium and Astudillo.

44. The HRHLA, 815 ILCS 137/135(b), provides that "Any knowing violation of this Act constitutes a violation of the Consumer Fraud and Deceptive Business Practices Act."

45. Defendants knowingly violated the HRHLA by omitting the payment to "ACS" from the finance charge, thereby concealing the fact that they were making a loan subject to the HRHLA, by financing broker compensation exceeding 6%, in violation of the HRHLA, and by failing to provide the special advance disclosures required by the HRHLA.

46. Defendants also violated §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by misrepresenting (Long Beach) and causing the misrepresentation (New Millenium and Astudillo) of the finance charge, amount financed and annual percentage rate.

47. Defendants also violated § 2 of the ICFA by imposing and disguising a fraudulent charge on plaintiff Guadalupe Navara's loan proceeds. Defendants knew or should have known the charge was false and fabricated.

48. Defendants engaged in such conduct in the course of trade and commerce.

49. Defendants engaged in such conduct for the purpose of inducing reliance by plaintiff Guadalupe Navara, in the form of signing the loan documents, which plaintiff Guadalupe Navara did.

50. Plaintiff Guadalupe Navara was damaged as a result, in that she paid

exorbitant compensation to New Millennium and/or Astudillo, and was not provided with the information required by statute.

WHEREFORE, plaintiff Guadalupe Navara requests that the Court enter judgment in favor of plaintiff Guadalupe Navara and against defendants for:

    a.    A judgment voiding plaintiff Guadalupe Navara's mortgage, capable of recordation in the public records, and binding on all defendants;

    b.    Appropriate compensatory and punitive damages;

    c.    Such other or further relief as the Court deems appropriate.

## COUNT III -- TILA -- CLASS CLAIM

51. Plaintiffs Guadalupe Navara and Albert Stinson incorporate ¶¶1-31.

52. This claim is against Long Beach, only.

### 1-4 FAMILY RIDER

53. The "1-4 Family Rider" creates a security interest in personal property that is not part of the real estate.

54. No such security interest is disclosed on the Truth in Lending disclosures.

55. The non-disclosure of the security interest in personal property on the Truth in Lending disclosures of plaintiffs and the members of the class defined below violates 15 U.S.C. § 1637 and 12 C.F.R. § 226.18.

### CLASS ALLEGATIONS

56. Plaintiffs bring this claim on behalf of a class. The class consists of (a) all natural persons (b) who signed a mortgage with Long Beach, (c) that takes a security interest in personal property by means of a one-to-four-family rider not limited to fixtures, (d) on or after

10