d)  failed to disclose to Eric that he qualified for a lower interest rate.

40. First Capital and Long Beach's conduct was unfair and deceptive to Eric and used in the course of their trade as a mortgage broker and lender.

41. First Capital and Long Beach acted with the intent that Eric rely upon their conduct in executing documents at the July 12, 2005 closing.

42. First Capital and Long Beach's practices have caused Plaintiff substantial damages including the higher interest payments on the subject loans than would otherwise be required.

WHEREFORE Plaintiff prays upon this Court to enter a judgment in his favor and against defendants FIRST CAPITAL MORTGAGE CORPORATION and LONG BEACH MORTGAGE COMPANY and award his actual damages in an amount to be proven at trial, enjoin the defendants requiring them to disgorge any and all proceeds and profits received in the subject transaction, his attorney's fees, costs to bring this action, and other further relief as the Court deems equitable and proper.

### Count IV
### Violation of Truth In Lending Act
### (Class Claim Against Long Beach Mortgage Company)

43. Plaintiff realleges paragraphs 1 – 20 as though they were fully realleged herein.

44. The "1 – 4 Family Rider" creates a security interest in personal property that is not part of the real estate.

45. No such security interest is disclosed on the Truth in Lending disclosures.

46. The non disclosure of the security interest in personal property on the Truth in Lending Disclosures of Eric and the members of the class defined below violates 15 U.S.C. §1637 and 12 C.F.R. §226.18.

47. Plaintiff brings this claim on behalf of a class. The class consists of (a) all natural persons (b) who signed a mortgage with Long Beach, (c) that takes a security interest in personal property by means of a one-to-four family rider not limited to fixtures, (d) on or after a date one year prior to the filing of this action.

48. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 member of the class.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the failure to disclose the security interest violated TILA.

50. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit cases.

52. A class action is superior to the alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Eric and the class members and against defendant for (a) statutory damages, (b) an award of reasonable attorney's fees and litigation costs, and (c) other relief this Court deems reasonable and just.

Respectfully Submitted,

*Lloyd Brad*

Plaintiff's Attorney

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Plaintiff*

### JURY TRIAL REQUESTED

Plaintiff seeks a trial by jury for all of his claims.

*/s/ Lloyd Brooks*

_____
Lloyd Brooks

# APPENDIX C

**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 27 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ENIS CARL JAMERSON, DEBORAH A. JAMERSON, ISAAC VEGA, NILMA VEGA, CIRILA SANTIAGO, PEDRO SANTIAGO, OLGA CORONA,<br><br>Plaintiffs,<br><br>v.<br><br>LONG BEACH MORTGAGE COMPANY,<br><br>Defendant. | 07C 1709<br><br>JUDGE AMY ST. EVE<br><br>MAGISTRATE JUDGE DENLOW<br><br>JURY DEMANDED |

## COMPLAINT

### INTRODUCTION

1.  Plaintiffs Enis Carl Jamerson, Deborah A. Jamerson, Isaac Vega, Nilma Vega, Cirila Santiago, Pedro Santiago, and Olga Corona bring this action against a "subprime" mortgage lender and the holder of the loan to recover damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants do business in the District and are deemed to reside here.

### PARTIES

3.  Plaintiffs Enis Carl Jamerson and Deborah A. Jamerson are husband and wife. They own and reside in a home at 4239 W. Haddon Ave., Chicago, IL 60651.

4. Plaintiffs Isaac Vega and Nilma Vega own and reside in a home at 1815 W. 51st Street, Chicago, IL 60609.

5. Plaintiffs Cirila Santiago and Pedro Santiago own and reside in a home at 2320 North LaTrobe Avenue, Chicago, IL 60639.

6. Plaintiff Olga Corona owns and resides in a home at 2244 South Austin Bvld., Cicero, IL 60804.

7. Defendant Long Beach Mortgage Company ("Long Beach") is a foreign corporation authorized to do business in Illinois. It has an office at 1 Pierce Place, Suite 700, Itasca, IL, 60143-2606. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

8. Defendant Long Beach is engaged in the business of making "subprime" mortgage loans.

9. Defendant Long Beach makes more than 26 loans per year.

## FACTS RELATING TO PLAINTIFFS

### Enis Jamerson and Deborah Jamerson

10. On March 14, 2006 plaintiffs Enis Carl Jamerson and Deborah A. Jamerson obtained from Long Beach a mortgage loan, secured by the Jamersons' residence at 4239 W. Haddon Ave., Chicago, IL 60651.

11. The Jamersons obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

12. In connection with the loan, the Jamersons signed a 1-4 Family Rider form, Exhibit A.

2

13. In connection with the loan, the Jamersons received Truth in Lending financial disclosures, Exhibit B.

### Isaac Vega and Nilma Vega

14. On Jan. 10, 2005 plaintiffs Isaac Vega and Nilma Vega obtained from Long Beach a mortgage loan, secured by the Vegas' residence at 1815 West 51st Street, Chicago, IL 60609.

15. The Vegas obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

16. In connection with the loan, the Vegas signed a 1-4 Family Rider form, Exhibit C.

17. In connection with the loan, plaintiffs received Truth in Lending financial disclosures, Exhibit D.

### Cirila Santiago and Pedro Santiago

18. On May 24, 2005, plaintiffs Cirila Santiago and Pedro Santiago obtained from Long Beach a mortgage loan, secured by the Santiagos' residence at 2320 North LaTrobe Avenue, Chicago, IL 60639.

19. The Santiagos obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

20. In connection with the loan, the Santiagos signed a 1-4 Family Rider form, Exhibit E.

21. In connection with the loan, the Santiagos received Truth in Lending financial disclosures, Exhibit F.

### Olga Corona

22. On August 20, 2004 plaintiff Olga Corona obtained from Long Beach a mortgage loan, secured by Ms. Corona's residence at 2244 S. Austin Bvld. Cicero, IL 60804.

23. Ms. Corona obtained the loan for personal, family or household purposes, namely the refinancing of prior debts incurred for such purposes.

24. In connection with the loan, Ms. Corona signed a 1-4 Family Rider form, Exhibit G.

25. In connection with the loan, Ms. Corona received Truth in Lending financial disclosures, Exhibit H.

## COUNT I -- TILA -- 1-4 FAMILY RIDER CLAIM

26. Plaintiffs incorporate ¶¶1-25.

27. All time limitations applicable to this claim have been tolled as a result of the filing of a class action, 05 C 864 (N.D.Ill.), from which plaintiffs elects to be excluded.

28. The "1-4 Family Rider" (Exhibits B, D, F, H) creates a security interest in personal property that is not part of the real estate.

29. No such security interest is disclosed on the Truth in Lending disclosures.

30. The non-disclosure of the security interest in personal property on the Truth in Lending disclosures of plaintiffs violates 15 U.S.C. § 1637 and 12 C.F.R. § 226.18.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

   e.  Such other or further relief as the Court deems appropriate.

                  /s/
                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.    /s/
                 Daniel A. Edelman

T:\18688\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN

Please be advised that we have been retained by the Plaintiffs in this case to file suit against you and that we claim a lien upon said recovery.

Sincerely,

Daniel A. Edelman

# EXHIBIT A