BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: LONG BEACH MORTGAGE
COMPANY 1-4 FAMILY RIDER
LITIGATION

MDL No. _____

MEMORANDUM OF LAW IN SUPPORT OF UNCONTESTED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS

In further support of the Motion to transfer/consolidate before the Northern District of Illinois two class actions and one individual action currently pending in the Northern District of Illinois, the District of Massachusetts and the Eastern District of Wisconsin, all plaintiffs state as follows:

I. INTRODUCTION/BACKGROUND OF CASES

These proceedings present the classic predicate for consolidation pursuant to 28 U.S.C. § 1407 ("Section 1407"). To date, three putative class actions and two individual actions (collectively, six groups of plaintiffs) have been filed against defendant Long Beach Mortgage Company ("Long Beach" or "Defendant") with identical claims that share common questions of law and fact. Two of the class actions, Navara v. Long Beach, 05 C 0864 (N.D.Ill.) and Carye v. Long Beach, and one individual action, Mason v. Long Beach, 07 C 272 (E.D.WI), are the subject of this Joint Motion to transfer. This Joint Motion seeks to transfer the Carye and Mason cases to Judge Mark Filip, who is assigned to Navara v. Long Beach, which is the earliest filed of the five cases against Long Beach. The third class action, Shelton v. Long Beach, 06 C 2323 (N.D.Ill.), and the remaining individual case, Jamerson v. Long Beach, 07 C 1709 (N.D.Ill.), both of which are now

1

pending in the Northern District of Illinois, are the subject of a pending Motion To Reassign Related Cases. This Motion sought to reassign these cases to Judge Mark Filip; and the motion has now been granted. A copy of this motion and the order granting it are appended to the Joint Motion To Transfer as Appendix D. The parties' joint and agreed goal is, if possible, to have all five cases re-assigned/transferred to Judge Filip in the Northern District of Illinois for all proceedings, including trial. Previously, Judge Filip expressed interest in the assignment.

All five actions assert identical, alleged violations of TILA. All allege that Long Beach, in violation of 15 U.S.C. §1638 (a) (9) of TILA and 12 C.F.R. §226.189(m), failed to disclose, on the TILA Disclosure Statements it provided to plaintiffs and putative class members, that it was taking a security interest in personal property by means of the 1-4 Family Rider form document it attached to its mortgage instrument and that it had each plaintiff/putative class member execute at closing.

The three proposed class actions are brought on behalf of: (a) all natural persons (in the U.S.) (b) who signed a mortgage with Long Beach (c) that takes a security interest in personal property by means of a 1-4 Family Rider not limited to fixtures (d) on or after November 10, 2003 (Navara); and, similarly, (a) all natural persons (b) who obtained a residential mortgage loan secured by real estate containing 1-2 dwelling units (c) who live in the real estate (d) whose transaction was subject to TILA (e) whose note and mortgage were originated by or assigned to Long Beach Mortgage Company (f) where the mortgage included a 1-4 Family Rider creating a security interest not limited to personal property not limited to rents (g) where the TILA Statement does not disclose the security interest in personal property created by the Rider and (h) the transaction occurred on or after (a) November 10, 2003 (Navara); (b) April 26, 2005 (Shelton); and/or May 19, 2005 (Carye).

Similarly, the plaintiffs in Mason are class members as well as individual plaintiffs; they assert the identical claim on an individual basis. In each case, plaintiffs and class members seek statutory damages under 15 U.S.C. § 1640 of TILA for the same alleged violation.

All three proposed classes are national in scope. They differ only as to time period, based upon when the date the actions were filed. The classes proposed in Carye and Shelton cases are smaller sub-sets of the class proposed in Navara, which was filed first. Navara was filed November 10, 2004; Shelton, April 26, 2006; and Carye, May 19, 2006. Little discovery has occurred in Carye and Shelton. Information and documents produced by Long Beach in Navara and relevant 1-4 Family Rider claim would be applicable to all cases and could efficiently be shared if the cases are re-assigned/transferred to Judge Filip. As for the individual cases, Mason was filed March 21, 2007; Jamerson, March 27, 2007. Discovery has not begun in either case. All parties consent to both pre-trial proceedings and trial, if necessary, in the Northern District of Illinois.

Transfer is clearly appropriate here. This Panel has consistently held that consolidation or transfer of class actions such as these is necessary in order to avoid the specter of inconsistent class and dispositive motion treatment, as well as to preserve limited judicial resources and to avoid the unnecessary burden on the parties of repetitive or duplicative work in discovery and motion practice. Given that these five cases involve common parties and common attorneys as well as claims based on identical claims, and in view of the inevitable duplication of effort that would occur if these cases were handled separately, transfer to a single court would clearly further the interests of justice and judicial economy.

Moreover, the parties request that these actions be consolidated before Judge Mark Filip in the Northern District of Illinois. As discussed below, Judge Filip is currently presiding over

the <u>Navara</u> case and has already issued a thoughtful and important substantive ruling on Long Beach's Motion to Dismiss, a copy of which is attached hereto as <u>Appendix E</u>. A subsequent ruling on the same issues in <u>Carye</u> followed and adopted Judge Filip's reasoning in his <u>Navara</u> Memorandum Opinion.

Finally, the TILA case law in the Seventh Circuit as it relates to the 1-4 Family Rider issue is exceptionally well developed and will provide guidance for the District Court judge. In addition to Judge Filip's memorandum opinion in <u>Navara</u>, see, e.g., <u>People's v. Sebring Capital Corp.</u>, No. 01 C 5676, 2002 U.S. Dist. LEXIS 4104 (N.D.Il)(Gottschall, J.); <u>Leon v. Washington Mutual Bank</u>, 164 F. Supp.2d 1034, 2001 U.S. Dist. LEXIS 15822 (N.D.Il. 2001)(Alesia, J.); <u>Powell v. Adavanta National Bank</u>, No. 00 C 7234, 00 C 542, 2001 U.S. Dist. LEXIS 14048 (N.D.Il. 2001))Coar, J.); <u>Romaker v. Crossland Mortgage Corp.</u>, 94 C 3328, 1996 U.S. Dist. LEXIS 6490; <u>Wilson v. BNC Mortgage</u>, 04 C 4558 (N.D.Ill.)(Holderman, J.); <u>Frazier v. Provident</u>. 00 C 5735 (N.D. Ill.; Judge Coar); <u>Williams v. Mercantile Mortgage Co.</u> 00 C 6441 (N.D. Il.)(Pallmeyer, J.); and <u>Sims v. Parkway Mortgage</u>, 00 C 5942 ( N.D. Ill., Judge Coar).

## II.   STANDARD FOR 28 U.S.C. § 1407 TRANSFER

This Panel is authorized by statute to centralize multi-district litigation where: (1) actions involve one or more common questions of fact; (2) transfer of the actions will serve the convenience of the parties and potential witnesses; and (3) transfer will promote efficient conduct of the actions. 28 U.S.C.§ 1407(a). As set forth below, each of these factors weigh heavily in favor of transfer/consolidation.

## III.   TRANSFER OF THE ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS IS APPROPRIATE

### A.   The Actions Allege Identical Questions of Fact and Law

All five cases complain of the same alleged practice by Long Beach, as described above. Each case has a nearly identical fact pattern with respect to the 1-4 Family Rider claim. Proof of the same facts will be required in each case for class certification, liability and damages, if applicable. The legal and factual issues underpinning the dispositve motions on these issues will be the same. The same form documents - Long Beach's form TILA Statement, mortgage instrument and 1-4 Family Rider - will be used to (a) determine the number of class members and (b) to prove each plaintiff's claim. The language of the form Rider will be the basis for analyzing legal issues such as whether the Form creates a security interest in personal property. Should plaintiffs succeed in proving liability, the determination of statutory damages will require presentation of the same evidence in each case and the application of the same legal factors, i.e., those set forth at 15 U.S.C. § 1640(a), which include: the frequency and persistence of the creditor's compliance failures, the creditor's resources, the number of consumers adversely affected and the extent to which the creditor's failure was intentional. Factually, (a) how many consumers were affected by the practice (b) whether Long Beach continued to use its version of the 1-4 Family Rider form after a new version (which cured the problems plaintiffs complain of) became available and (c) if and when Long Beach began disclosing a security interest in personal property on its TILA Statements will be common questions in a common analysis of any damages that Courts award.

This Panel has granted consolidation and transfer to the Northern District of Illinois under precisely similar circumstances. See, e.g., In re: Ameriquest Mortgage Company Lending Practices Litigation, MDL No. 1715, Lead Case No. 05 C 7097 (N.D.Ill.)(transferring class actions and individual actions, all alleging similar TILA violations); In re: Ocwen Federal Bank Mortgage Servicing Litigation, MDL No. 1604, Lead Case No. 04 C 2714 (N.D.Ill.).

### B. Transfer of The Actions Will Serve The Convenience Of The Parties And Potential Witnesses

The parties have conferred and agree that it is more convenient to centralize the proceedings for all cases in Chicago. Procedurally, consolidation of these cases will serve to streamline the litigation and will avoid duplication of effort, labor and cost. Long Beach is the defendant in each case, and the same plaintiffs' law firm, Edelman, Combs, Latturner and Goodwin, LLC, represents the plaintiffs in <u>Navara</u>, <u>Mason</u> and <u>Jamerson</u>. A joint settlement conference was held in <u>Navara</u> in November, 2006; plaintiffs' counsel in <u>Navara</u>, <u>Carye</u> and <u>Shelton</u> all attended and participated in negotiations with Long Beach.

Discovery should be conducted on a coordinated basis for all cases. Because of the identical claim, the relevant discovery that has been obtained or would be obtained from Long Beach is or would be applicable to all five cases; Long Beach's discovery responses relating to the 1-4 Family Rider would have equal relevance in all cases. With one discovery procedure and schedule, Long Beach would not have to respond to the same discovery requests five times over. In <u>Mason</u> and <u>Jamerson</u>, discovery has not been initiated, and defendants have just recently filed responsive pleadings. In contrast, written discovery in <u>Navara</u> is largely - but not enirely - completed. Because the Long Beach witnesses in each case are identical and would testify about the same facts, the deposition(s) of these witnesses can be taken only once and can be used in each case.

In addition, dispositive motions could also be consolidated into one procedure and schedule instead of the parties having to file and brief the same motions three-to-five times over. In the event of separate motions in each case, a Court will have to rule on the same issues of law. Many of these issues have been raised by Long Beach in <u>Navara</u> and are identified in Judge

6

Filip's Memorandum Opinion (Appendix E). Instead, in an MDL proceeding there could be one, consolidated motion for class certification and one for summary judgment.

### C.    Transfer Will Promote Efficient Conduct Of The Actions

There is simply no efficiency gained by having five federal judges in three different federal districts adjudicating the same questions of law and fact against the same defendant in five separate actions. Given the identical legal issues based on the same alleged practice by the same defendant, in each case: any disputed issues in discovery are likely to be identical, and motions for class certification and summary judgment would also raise and require decision of identical issues. In an MDL proceeding, a single Judge could rule on each issue and each type of motion one time.

Thus, transfer would avoid unnecessary duplication of discovery and motion practice. See e.g. In re Prime Vision Health, Inc. Contract Litig., 206 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)(centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); Portnoy, et al. v. Zenith Lab, et al., 86-5312, 1987 U.S. Dist. LEXIS 16134, at *1 (D.D.C. Apr. 21, 1987)("The law favors coordination of related cases in order to eliminate the risk that the parties will have to put forth duplicative cases or defenses or engage in duplicative pre-trial tasks.").

Similarly, this panel has universally held that transfer under 28 U.S.C. § 1407 is critical where, as here, the predicate cases present similar class definitions. See In re Equity Funding Corporation of America Securities Litig., 375 F. Supp. 1378, 1385-86 (J.P.M.L. 1974). As explained by the Court in In re Equity Funding Panel:

7

> There is yet another highly persuasive if not compelling season for transfer of all actions to a single judge. We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility for conflicting, inconsistent class determinations by courts of coordinate jurisdiction exists. The complaints vary from the most precise and skillfully drafted documents depicting a high degree of legal artistry to what may be described as legal boilerplate. But a majority of the actions contain Rule 23 class allegations based upon the primary fraud. Facially at least the potentiality of inconsistent class determinations is readily apparent.

Id., see also In re Natural Resources Fund, Inc., 372 F. Supp. 1403, 1404 (J.P.M.L. 1974)(same.)

In this case, the class definitions are identical, except as to the time period covered.

### 1. Transfer/Consolidation Is Necessary to Prevent Inconsistent Rulings On Class and Dispositive Motions

Finally, given the commonality of legal factual issues, transfer/consolidation would enable a single judge to hear identical class and disposition motions, thereby avoiding the risk of inconsistent class and dispositive rulings. See In re TMJ Implants Prods. Liability Litig., 113 F.3d 1484, 1488 (8th Cir. 1997)(transferee court also has authority to enter dispositive orders terminating consolidated cases); J.P.M.L. Rule 14(b)(the transferee judge has broad authority to make pretrial rulings, certify classes, order discovery, and manage the consolidated cases).

### 2. Consolidating These Cases Before Judge Filip in the Northern District of Illinois Would Increase The Level of Expertise The Federal Judiciary Can Bring to Bear On These Five Cases

#### a. Judge Filip Is Familiar With the 1-4 Family Rider Claim

A paramount consideration in choosing a transferee court is the extent to which there is a capable judge familiar with the litigation. See, e.g., In re Dept. of Energy Stripper Well Exemption Litig., 472 F. Supp. 1282, 1286 (J.P.M.L. 1979). For instance:

> More importantly, Judge Theis has had an opportunity to become familiar with the legal and technical questions in this litigation, and is therefore in the best position to supervise the pretrial proceedings in this litigation to the just and expeditious

termination.

Id. (emphasis added); see also In re Data General Corp. Antitrust Litig., 470 F. Supp. 855, 859 (J.P.M.L. 1979)(transferring antitrust litigation to Northern District of California where judge was already familiar with "legal and technical questions" in litigation). A multitude of cases are in accord. See In re Unranium Industry Antitrust Litig.,458 F. Supp. 1223, 1232 (J.P.M.L. 1978) (district judge with prior familiarity with litigation was in best position to supervise MDL proceedings); In re Shell Oil Products Co Dealer Franchise Litig., 206 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002)(judge in District of Massachusetts was proper transferee court given prior familiarity with litigation as a result of having presided over predecessor litigation); In re Prime Vision Health, Inc. Contract Litig. 206 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)(same).

In addition, as mentioned, there are multiple instructive decisions in the Northern District of Illinois involving the TILA 1-4 Family Rider claim, in addition to Judge Filip's memorandum opinion in Navara, see, e.g., People's v. Sebring Capital Corp., No. 01 C 5676, 2002 U.S. Dist. LEXIS 4104 (N.D.Il)(Gottschall, J.); Leon v. Washington Mutual Bank, 164 F. Supp.2d 1034, 2001 U.S. Dist. LEXIS 15822 (N.D.Il. 2001)(Alesia, J.); Powell v. Adavanta National Bank, No. 00 C 7234, 00 C 542, 2001 U.S. Dist. LEXIS 14048 (N.D.Il. 2001))Coar, J.); Romaker v. Crossland Mortgage Corp., 94 C 3328, 1996 U.S. Dist. LEXIS 6490; Wilson v. BNC Mortgage, 04 C 4558 (N.D.Ill.)(Holderman, J.); Frazier v. Provident. 00 C 5735 (N.D. Ill.; Judge Coar); Williams v. Mercantile Mortgage Co. 00 C 6441 (N.D. Il.)(Pallmeyer, J.); and Sims v. Parkway Mortgage, 00 C 5942 ( N.D. Ill., Judge Coar). These decisions would provide clear guidance for the District Court Judge to follow. Such extensive case law does not exist in the District of Massachusetts or the Eastern District of Wisconsin.

Judge Filip is the judge to whom the <u>Navara</u> case is assigned. As described above, Judge Filip has made a substantive ruling in this matter already and is thus very familiar with the claim, the legal issues and the type of litigation. Judge Filip has also presided over the <u>Navara</u> case for approximately two years. Judge Filip is plainly familiar with the statutory provisions at issue in these cases, and transfer of these cases to him would greatly serve the efficiency of the judiciary and the quality of justice.

### b.  Discovery Progression in Navara

This Panel has generally favored transferring actions to the district where discovery has progressed the farthest in order to promote judicial efficiency. <u>In re Bestline Products Sec. & Antitrust Litig.</u>, 375 F. Supp. 926, 928 (J.P.M.L. 1974)(transferring cases to the Southern District of Florida as the most appropriate transferee district because discovery in that action had progressed further than discovery in any of the other actions and a greater number of relevant documents are located in Miami).

Written discovery is nearly complete in <u>Navara</u>. The parties are in the process of producing final documents and scheduling final depositions. A Motion for Class Certification that was pending, then stricken due to settlement discussions, will be re-filed shortly.

### IV.  CONCLUSION

The fundamental policies underlying 28 U.S.C. § 1407 as well as logic and common sense require that the three cases should be transferred and consolidated before a single judge for all pretrial and trial proceedings. As such, plaintiff's petition should be granted and the cases transferred to Judge Filip in the Northern District of Illinois.

Dated: June 11, 2007

Respectfully submitted

*[signature]*

Al Hofeld, Jr.
Attorney for plaintiffs Navara,
Stinson, Mason and Watkins

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

*[signature]*

Christopher M. Lefebvre
Attorney for plaintiff Cary

Claude Lefebvre
Christopher M. Lefebvre
CHRISTOPHER M. LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

iii