IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                    )
KENNETH MASON and JULIA WATKINS,    )
                                    )
                    Plaintiffs,     )
                                    )   Case No. 07 C 6545
        v.                          )
                                    )   Wayne R. Andersen
LONG BEACH MORTGAGE COMPANY         )        District Judge
and DEUTSCHE BANK NATIONAL TRUST    )
COMPANY,                            )
                                    )
                    Defendants.     )
_____)

# MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants Long Beach Mortgage Company ("LBMC") and Deutsche Bank National Trust Company ("DB") to dismiss the complaint of plaintiffs Kenneth Mason and Julia Watkins pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the motion to dismiss is denied.

## DISCUSSION

In ruling on a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint. *Richards v. Kiernan,* 461 F.3d 880, 882 (7th Cir. 2006). We draw all plausible inferences from these allegations in the plaintiff's favor. *Levy v. Pappas* 510 F.3d 755, 763 (7th Cir. 2007). Certain narrow exceptions notwithstanding, the court will exclude additional evidence attached to a 12(b)(6) motion when deciding on dismissal, unless it elects to convert the motion into one for summary judgment under Rule 56. *118 LLC v. Trinity Industries, Inc.,* 300 F.3d 730, (7th Cir. 2002), citing

*Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The court will grant a 12(b)(6) motion only if it appears that the plaintiff can prove no set of facts that would entitle him to relief. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

**<u>Count I</u>**

On March 21, 2007, Plaintiff-mortgagors filed a two-count action against LBMC, a company in the business of making mortgage loans, and DB, the alleged owner of Plaintiffs' mortgage loan. In Count I, Plaintiffs assert a rescission claim against both Defendants under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.23. In their complaint, Plaintiffs maintain that LBMC failed to provide them with complete copies of the Notice of Right to Cancel ("Notice") at their mortgage loan closing. The closing took place on September 28, 2005. Pursuant to TILA, borrowers have three days from the date of closing to cancel their loan. 15 U.S.C.A. §1635(a). The date for Plaintiffs to cancel would have been October 1, 2005 ("October date"). The Notice must clearly reflect this date. Id. Plaintiffs contend that the field for this date was left blank. In support of this assertion, Plaintiffs attached to their complaint a copy of the Notice that bears their signatures, but does not bear the October date.

Count I cannot stand, Defendant argues, because Plaintiffs received properly dated copies of the Notice. Defendant bolsters this point by attaching to its motion dated copies of the Notice. Defendant's copy of the Notice bears the October date by which Plaintiffs had to cancel, as well as Plaintiffs' signatures. Plaintiffs, however, raise

2

questions about this document's veracity. What the parties' competing Notices show is that the state of the dates is a factual dispute, not to be resolved on the basis of a 12(b)(6) motion. Drawing all plausible inferences from these allegations in favor of Plaintiffs, a claim is stated against Defendant. Therefore, the motion to dismiss is denied as to Count I.

**Count II**

In Count II, Plaintiffs assert that LBMC violated TILA, 15 U.S.C. §§ 1601, 1607 and Regulation Z, 12 C.F.R. § 226.18, by failing to disclose the security interest that was purportedly created in Plaintiffs' personal property when they signed, along with other mortgage loan documents, the 1-4 Family Rider ("Rider").

In its motion to dismiss, Defendant LBMC argues that Count II is time-barred by TILA's one-year statute of limitations and that, even if the complaint is not barred, the Rider created no security interest in Plaintiffs' personal property.

While Plaintiffs concede that the filing of their action occurred outside of TILA's normal required time period, they contend that the commencement of a related class action lawsuit, the *Navara* action, tolled the limitations statute. The *Navara* action was commenced on February 11, 2005 by individuals, similarly situated to Plaintiffs, who claim that LBMC's 1-4 Family Rider created an undisclosed security interest in their personal property. The *Navara* action is currently pending before this Court. Although there is a fully briefed motion for class certification pending in the *Navara* case, this Court has not yet ruled on the motion.

Both parties dispute the reach of the class action tolling doctrine, first enunciated by the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and later elaborated in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). *American Pipe* stated that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 345, 353-54 (1983). While Plaintiffs are putative class members to the *Navara* action, they expressly elected to proceed on an independent basis. At issue is whether Plaintiffs are denied tolling for their claim because they opted to proceed independently in their suit against LBMC before, and not after, this Court's ruling on the *Navara* class certification.

We find no reason to deny Plaintiffs the benefit of the tolling doctrine. To do so would render litigants like Plaintiffs, putative class members, dependent on the pace set by attorneys and the Court alike. The span of time between the commencement of a class action to its certification can be indefinite. If the tolling doctrine applies only to those putative class members who "stuck it out," opting out after the certification ruling, then those who could not afford to wait until the ruling was made might have their rights expire in the meantime. This seems unfair.

While the Seventh Circuit has not decided this issue, this Court agrees with the Second, Tenth, and now Ninth Circuits by including as tolled the limitations period for the claims of putative class members who opt out of the class before a ruling on class certification. *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1230 (10th Cir. 2008); *In re WorldCom Securities Litigation* 496 F.3d 245, 256 (2d Cir. 2007); *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1009 (9th Cir. 2008). *But see*

*Wyser-Pratte Mgmt. Co., Inc.,* 413 F.3d 553, 567-569 (6th Cir. 2005); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-C 897, MDL 997, 1998 WL 474146 at ҫ8 (N.D. Ill. Aug 6, 1998) (holding that the doctrine is unavailable to those putative class members who file an independent action while class certification is pending).

Defendants argue in the alternative that the Rider did not create a security interest in Plaintiffs' personal property, but an incidental interest that need not be disclosed according to Regulation Z. However, Plaintiffs' allege that the Rider created a security interest in personal property that is not part of the real estate and that the Truth in Lending disclosures reflected no such interest. Taking Plaintiffs' allegations as true, the complaint states a claim against Defendants for a TILA violation. Therefore, the motion to dismiss Count II is denied.

## **CONCLUSION**

For these reasons, the motion to dismiss filed by Long Beach Mortgage Company [#14] is denied. Long Beach is given until December 10, 2008 to file its Answer. This case is set for status on December 11, 2008 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: November 18, 2008

5